280 So.2d 297 (1973)
James JENNINGS, Sr.
v.
LOUISIANA AND SOUTHERN LIFE INSURANCE COMPANY.
No. 9417.
Court of Appeal of Louisiana, First Circuit.
June 20, 1973.
Rehearing Denied July 20, 1973.
*298 Joseph E. Bass, Jr., Lake Charles, for appellant.
Herschel L. Abbott, Jr., New Orleans, for appellee.
Before LANDRY, TUCKER and PICKETT, JJ.
LANDRY, Judge.
Plaintiff appeals rejection of his demand for $500.00 allegedly due him as beneficiary *299 under a group life and health insurance policy issued by defendant, which policy insured the life of appellant's minor son, Ernest Ray Jennings. Defendant declined payment on the ground the policy was not in force on the date of the child's death. We affirm the judgment of the lower court which held that coverage on the child's life terminated prior to his demise.
The operative facts are not disputed and, for all practical purposes, are stipulated to be as follows: On July 1, 1966, while in the employ of Avondale Shipyards, Inc., appellant purchased from defendant a group life and health insurance policy which covered appellant and appellant's dependents, including the now deceased minor, Ernest Ray Jennings. Appellant paid all premiums due through August, 1967. On August 21, 1967, appellant became totally and permanently disabled. On June 11, 1968, defendant waived premiums due on subject policy by endorsement as follows: "Waiver of Premium for total disability Approved 6-11-68." The death of Ernest Ray Jennings occurred January 5, 1969, from natural causes.
The salient issue of alleged termination must be resolved in the light of the pertinent policy provisions which read as follows:
"Termination of Insurance
Your insurance will cease on the last day of the insurance month coincident with or next following the date your active, full time employment in the classes eligible for insurance under the Group Policy terminates, ....
Your insurance with respect to your dependents will terminate when your personal insurance terminates,...."
* * * * * *

"TERMINATION OF DEPENDENTS' LIFE INSURANCEE
The insurance of any person hereunder with respect to his eligible dependents shall automatically cease on the earliest of the following dates:
(1) the date on which his personal insurance under this policy ceases,
(2) the date on which the provisions of this policy for Dependents' Life Insurance cease, or
(3) the date of the expiration of the period for which he last contributed to the cost of Dependents' Life Insurance, if he fails to make any required contribution for such insurance when it is due."
* * * * * *

WAIVER OF PREMIUM BECAUSE OF TOTAL DISABILITY
If any person whose insurance hereunder terminates because of total disability beginning while insured hereunder and before his sixtieth birthday submits... due proof of such total disability and that it has continued without interruption from such termination of insurance for a period of not less than nine months and still exists, the Company will endorse his certificate acknowledging the existence at that time of such disability, but only if such proof be received during the lifetime of such person and within one year after such termination of insurance.
After endorsement ... as described above, if he submits annually, within three months prior to the anniversary of the original endorsement acknowledging disability, due proof that total disability has continued without interruption from the termination of his insurance and if death shall occur during the continuance of such total disability, the Company shall pay, as a claim under this policy, the amount of life insurance applicable to such person according to the plan of insurance set forth herein,...." (Emphasis by the Court)
Determination of the issue presented depends upon whether or not the waiver of *300 premium endorsement executed by defendant on June 11, 1968, effected continued coverage for appellant's dependents, without payment of additional premiums.
In essence, appellant maintains his personal insurance never terminated for the reason that on June 11, 1968, defendant waived payment of premiums because of his total disability. His personal insurance having never terminated, appellant contends that his insurance with respect to his dependents never terminated. In addition, appellant argues the policy provisions are ambiguous and lead an ordinary individual to believe that a waiver of premiums by the insurer would continue in effect the coverage afforded both the insured and his dependents.
On the other hand, defendant maintains that appellant's personal insurance terminated as of September 1, 1967, following appellant being declared totally disabled on August 21, 1967, and that such termination ended the coverage afforded appellant and his dependents alike. Thereafter, according to defendant, appellant alone continued to be insured pursuant to the waiver of premium provision only, which provision establishes specific rights and obligations separate and distinct from those existing under the general policy provisions. The waiver of premiums provision, defendant contends, by its own terms, applies only to the disabled party, and is devoid of any suggestion that any amount will be paid thereunder except the amount of life insurance payable to the disabled party.
Appellant correctly contends that in the interpretation of insurance contracts, doubtful or ambiguous clauses or provisions are to be construed favorably to the insured and against the insurer. Graves v. Traders and General Insurance Company, La.App., 200 So.2d 67. This rule of strict construction, however, does not authorize perversion of language or the creation of ambiguity where none exists. J. M. Brown Const. Co. v. D & M Mechanical Contr., Inc., La.App., 222 So.2d 93.
A contract of insurance, like any other agreement, is the law between the parties, and every stipulation therein must be construed as written. The rules established for the interpretation of written instruments in general apply in the construction of insurance policies. Harmon v. Lumbermen's Mutual Casualty Company, 247 La. 263, 170 So.2d 646.
Courts must give legal effect to the provisions of an insurance policy according to the true intent of the parties, which intent must be determined in the light of the policy provisions when the policy terms are clear and unambiguous and lead to no absurd consequences. LSA-C.C. arts. 1901, 1945; Vidrine v. Southern Farm Bureau Casualty Insurance Company, La.App., 247 So.2d 660.
The words used in insurance contracts are to be understood in their common and usual significance, without attending so much to grammatical rules, as to general and popular use. LSA-C.C. art. 1946; Harmon, above.
We find no ambiguity in the pertinent provisions of the contract in question. Section (1) of the provision entitled Termination of Dependents' Life Insurance clearly provides that coverage of dependents terminates upon termination of the insurance afforded the named insured. Termination as to the named insured (appellant) occurs on the last day of the insurance month coincident with or next following the date of termination of the insured's active, full time employment. Since appellant became totally disabled August 21, 1967, the last date of coverage afforded his dependents was August 31, 1967. It follows that as of September 1, 1967, appellant was no longer insured, except as provided for under the waiver of premium provision above quoted.
*301 The policy expressly provides that non-withstanding termination upon appellant's becoming totally disabled, appellant is afforded certain residual rights thereafter. Simultaneously, certain conditional obligations are imposed upon defendant. If appellant remained totally disabled for a continued period of nine months, defendant would then waive the premiums due, provided that proof of the required disability be furnished within appellant's lifetime and within one year of policy termination. On timely furnishing the required proof and endorsement of waiver of premiums by defendant, if appellant annually thereafter should furnish proof of continued disability from date of termination, within the time specified for furnishing such proof, and if appellant should die during the continuance of said disability, defendant agreed to pay the life benefits due on appellant's life. From the foregoing, it is abundantly clear the parties intended no benefits whatsoever would be paid on the life of appellant, if appellant died within 9 months of termination of the original contract.
From the foregoing, we deduce that the contract intended that total disability of the insured would transform the policy from one which covered both the insured and his dependents into an agreement which covered the insured alone, according to the terms and conditions of the waiver of premium paragraph.
We do not find the waiver of premium provision either ambiguous or misleading. It expressly provides for a qualified or conditional coverage of the named insured only. We cannot make a new contract for the parties by construing the plain and unequivocal language to revive terminated coverage, or extend similar qualified coverage to include dependents. Such a construction, we believe, would do violence to what appears to be the clearly expressed intent of the contracting parties.
We find that upon the death of appellant's minor son, Ernest Ray Jennings, insurance as to said dependent had previously terminated.
The judgment of the trial court is affirmed; appellant to pay all costs of these proceedings.
Affirmed.