356 So.2d 1016 (1977)
Lucy Revia MARTIN et ux.
v.
John H. PHILLIPS et al.
No. 11671.
Court of Appeal of Louisiana, First Circuit.
December 28, 1977.
*1017 Johnny X. Allemand, Thibodaux, for plaintiffs and appellees.
Philip J. McMahon, Houma, for defendant and appellant.
Robert M. Johnston, New Orleans, for third-party defendant and appellee.
Before LANDRY, SARTAIN and ELLIS, JJ.
LANDRY, Judge.
Defendant John H. Phillips, employee of Harold and Ronald Baudy d/b/a Baudy Drayage and Transport (Baudy), appeals from summary judgment denying him coverage pursuant to a policy issued by Continental Insurance Company (Continental) on a trailer owned by Southern Scrap Material Company, Ltd. (Southern), which trailer was being hauled by a tractor belonging to Baudy and insured by The Travelers Insurance Company (Travelers), and which trailer was involved in an accident in which Phillips ran the tractor and trailer into the rear of plaintiff's automobile which was stopped at a traffic signal. The sole question is Phillips' coverage under Continental's policy on Southern's trailer which was involved in the accident.
Plaintiffs, husband and wife, sued for the wife's injuries and damages to their automobile. The defendants named in the original suit are: (1) Phillips, (2) Baudy, and (3) Travelers. Defendants answered in the form of a general denial, admitting Travelers' coverage of Baudy's tractor, and including a third party demand against Continental as alleged insurer of Southern's trailer. The third party demand maintains that Continental's policy on the trailer covers one or more of the original defendants.
The third party demands were answered by Continental which denied that its policy on the trailer covered any defendant. Claiming its policy was best evidence of its coverage, Continental filed a motion for summary judgment and attached thereto a copy of its policy which lists Southern as the only named insured.
Phillips is the only third party plaintiff claiming coverage, under Continental's policy, of Southern's trailer. At trial of its motion for summary judgment, Continental stipulated its coverage of the trailer and that Southern hired Baudy's tractor to transport the trailer. It was stipulated further that Phillips was driving Baudy's tractor within the scope and during the course of his employment by Baudy. Travelers' coverage of Baudy's tractor was also stipulated.
Phillips claims coverage by virtue of the following policy definitions and/or provisions:
"`Automobile' means a land motor vehicle, trailer or semi trailer designed for travel on public roads (including any machinery or apparatus attached thereto), but does not include mobile equipment." (Emphasis by the court).
"II. PERSONS INSURED
*1018 Each of the following is an insured under this insurance to the extent set forth below:
(a) the named insured;
(b) any partner or executive officer thereof, but with respect to a non-owned automobile only while such automobile is being used in the business of the named insured;
(c) any other person while using an owned automobile or a hired automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, but with respect to bodily injury or property damage arising out of the loading or unloading thereof, such other person shall be an insured only if he is . . ." (Followed by non-pertinent provisions).
Phillips maintains that the trailer is an "automobile" within the policy definition of the term. He next contends that since the trailer is an automobile, it is clearly an "owned automobile" inasmuch as Southern concedes and asserts its ownership. He also contends that he comes within the terms of Section 11(c) above in that he is "any other person" using the "automobile" with the permission of the named insured, Southern.
Continental concedes that the trailer is an "automobile" and that Phillips is "any other person using an owned automobile with the permission of the named insured". Continental maintains, however, that Phillips is not afforded coverage by virtue of the following express exclusions clearly set forth in the concluding portion of Section II, Persons Insured:
"None of the following is an insured:
(ii) the owner or lessee (of whom the named insured is a sublessee) of a hired automobile or the owner of a non-owned automobile, or any agent or employee of any such owner or lessee;
(iv) any person or organization, other than the named insured with respect to:
(2) a trailer while used with any motor vehicle owned or hired by such person or organization and not covered by like insurance in the company."
Continental also invokes the following policy definitions appearing in Section V (Additional Definitions):
"`hired automobile' means an automobile not owned by the named insured which is used under contract in behalf of, or loaned to, the named insured, provided such automobile is not owned by or registered in the name of (a) a partner or executive officer of the named insured or (b) an employee or agent of the name insured who is granted an operating allowance of any sort for the use of such automobile;
`non-owned automobile' means a automobile which is neither an owned automobile nor a hired automobile;
`owned automobile' means an automobile owned by the named insured; . . ."
In denying coverage, the trial court held that the exclusionary provisions of paragraph (ii), above, constituted an exception to or limitation of the general omnibus coverage provision of 11(c) above.
Appellant maintains that the exclusion does not apply to him because it excludes classes to which he does not belong. First, it excludes the owner or lessee (of whom Southern is sub-lessee) of a hired automobile. It also excludes the owner of a non-owned automobile or any agent or employee of such owner. Appellant contends that he is not claiming coverage as owner or lessee of a hired automobile, or as an employee of an owner of a non-owned vehicle. Rather, it is argued that Phillips' coverage arises from his operation and/or use of an owned automobile.
The rules governing interpretation of written agreements apply to insurance contracts. La.C.C. Article 1901; Jennings v. Louisiana and Southern Life Insurance Company, 280 So.2d 297 (La.App. 1st Cir. 1973), and authorities therein cited.
The terms and provisions of an insurance contract, as in the case of other *1019 written agreements, are to be construed in their general and popular meaning. Schmieder v. State Farm Fire & Casualty Company, 339 So.2d 390 (La.App. 1st Cir. 1976).
Any ambiguity in an insurance contract will be construed against the insurer and in favor of the insured. Jennings, above.
Where the terms of an insurance contract are clear and express, the agreement will be enforced between the parties according to its provisions because the contract is the law between the parties. Schmieder, above.
An insurance contract must be interpreted as a whole. All terms and provisions of such a policy must be construed together to ascertain the true intent of the parties. La.C.C. Article 1948; Elledge v. Warren, 263 So.2d 912 (La.App. 3rd Cir. 1972).
We find no ambiguity in the policy provisions. We do, however, find some conflict or variance which was noted by the trial court. The insuring provision extends coverage to Phillips as a person using an owned vehicle with Southern's permission. Said provision must, however, be viewed in the light of the clear limitation on coverage imposed by Paragarph (ii) appearing in the same coverage section. It is evident that Paragraph (ii) excludes and excepts coverage of an owner or employee of an owner of a hired automobile. To hold that coverage exists as to Phillips, it is necessary to completely ignore the express exclusion of Paragraph (ii).
All policy provisions considered, we find that the parties intended the policy to cover persons using a hired automobile with Southern's permission excepting the owner and employees of the owner of a hired automobile. Thus an employee of Southern would be covered while using a hired automobile with Southern's permission. Phillips, as employee of Baudy, owner of the hired vehicle, is not covered. A similar interpretation was accorded analagous policy provisions under comparable circumstances. See Brady v. American Insurance Company, 198 So.2d 907 (La.App. 4th Cir. 1967).
Our interpretation is also compatible with Federal jurisprudence as established in Commercial Standard Insurance Company v. Central Produce Co., 42 F.Supp. 31 (M.D. Tenn.1940); affirmed 122 F.2d 1021 (6th Cir. 1941).
Blashfied Automobile Law and Practice, Volume 7, Section 316.1, page 645, citing Commercial Standard Insurance Company v. Central Produce Co., above, notes as follows:
"Under a policy covering a trailer and excluding coverage where the trailer was used with any automobile owned or hired by the insured and not covered by like insurance in the company, the company is not liable for damages arising out of an accident occurring while the trailer was being towed by a tractor insured with a different company and which was owned by another who was hired by the trailer owner to tow the trailer at a flat rate per mile."
The trial court correctly found that, considering all policy provisions, there was no coverage of Phillips under the circumstances.
The judgment is affirmed at Appellant's cost.
Affirmed.