380 So.2d 146 (1979)
HANAGRIFF'S MACHINE SHOP, INC.
v.
SLAW CONSTRUCTION COMPANY, INC., et al.
No. 12932.
Court of Appeal of Louisiana, First Circuit.
December 27, 1979.
*147 Michael J. McNulty, Jr., Bauer, Darnall, McNulty & Boudreaux, Franklin, for plaintiff.
Maurice P. Mathieu, Rhodes & Mathieu, Houma, for Slaw Construction Co., Insured Lloyds Ins. Co. and Early American Ins. Co.
Before ELLIS, CHIASSON and PONDER, JJ.
CHIASSON, Judge.
Slaw Construction Company, Inc. and its insurers, Early American Insurance Company and Insured Lloyds, appeal the trial court's judgment awarding $18,458.00, plus interest and costs to Hanagriff's Machine Shop, Inc. for property damage sustained to a building when it was struck by a tractor-trailer driven by Fred Slaw, president of Slaw Construction.
On the day of the accident, Fred Slaw was driving a 1966 truck cab owned by Slaw Construction. Attached to the cab was a trailer which had been furnished by South Coast Corporation (South Coast) to Slaw Construction for the purpose of hauling sugar cane at a fixed price per ton. The price paid by South Coast to Slaw Construction was somewhat less per ton than that paid to haulers who furnished their own trailers.
Mr. Slaw testified that upon pulling off of the road to purchase some bolts, the trailer struck a building owned by Hanagriff's Machine Shop. At the time of the accident Mr. Slaw was in the course and scope of his employment and his negligence is not disputed.
Prior to and subsequent to trial, the insurance companies sought and were denied a summary judgment based on policy exclusions. Both policies contained the provision that the policy did not apply when "the automobile is used for the towing of any trailer owned or hired by the insured and not covered by like insurance in the company...." It is the insurers' position that there was a "hire" within the meaning of the policy exclusion since Slaw Construction was paid less than cab owners who furnished their own trailers.
After trial, during which there was dispute as to estimated damage to the building, judgment was rendered against all defendants in the sum of $18,458.00, plus interest and costs.
Appellants contend that the trial judge (1) erred in finding that the arrangements between Slaw Construction and South Coast did not constitute a hire of the trailer *148 within the meaning of the policy exclusion, and (2) abused his much discretion under the facts by awarding $18,458.00 in damages.
It is well settled that when an ambiguity in an insurance policy relates to an exclusionary clause or to a provision which limits liability, the law requires that the contract be interpreted liberally in favor of providing coverage. McGuire v. Smith, 370 So.2d 895 (La.App. 1st Cir. 1979); Craft v. Trahan, 351 So.2d 277 (La.App. 3rd Cir. 1977).
Certainly, there was not a direct "hiring" of the trailer under the facts before us. South Coast agreed to hire a driver and cab and to furnish a trailer at a fixed rate. There was no lease per se of the trailer to Slaw Construction. The ambiguity arises because it is unclear whether coverage exists in a situation where the insured neither owns nor hires a trailer but is furnished a trailer by the party who hires his tractor and the insured receives less pay than received by those who provide their own trailer. In accordance with the rule that ambiguities must be liberally construed against the insurer, this ambiguity must be resolved in favor of Slaw Construction. Therefore, we find no error in the trial judge's determination of this issue.
Appellants also contend that the trial judge abused his discretion by awarding $18,458.00. However, the reviewing court must give great weight to factual conclusions of the trier of fact and before it can disturb an award made by the trial judge, the record must reveal that the award was clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Each side presented one witness to testify as to cost of repair. A contractor who testified on behalf of Hanagriff's Machine Shop stated that he could repair the building for $18,458.20. On the other hand, an architect testifying for Slaw Construction stated that the repairs could be accomplished for $6,118.00. The discrepancy in the contractor's price and the architect's estimate was primarily attributable to the witnesses' differing opinions as to whether the roof would have to be removed to make the necessary repairs. The contractor testified that the figure he quoted would be the amount he would charge to do the repairs. The architect's figure was what he estimated as cost of repair if plaintiff could find a contractor to do the repairs in the manner he suggested. The trial judge apparently found the contractor's testimony on this issue to be more credible. The trial judge is in a better position to evaluate a witness and there is nothing in the record indicating that he was clearly wrong in his determination.
For these reasons the judgment of the trial court is affirmed at appellants' costs.
AFFIRMED.