BOUTALL, Judge.
The defendant appeals a decision granting a motion for summary judgment in favor of the plaintiff, Stuyvesant Life Insurance Company. The defendant, Walter Loyacano, argues that there are questions of fact that are yet to be determined and therefore the granting of the motion for summary judgment is improper. We disagree and affirm the trial judge’s decision.
The question involved in this situation does not concern the facts but rather the interpretation of an insurance policy. On April 21, 1975, Loyacano sustained an injury while working for Avondale Shipyards, Inc., which left him permanently disabled. As the insurer of Avondale, Stuyvesant began making disability payments in accordance with the disability provision contained in its insurance policy. This disability provision provides as follows:
“Accident and Sickness Indemnity: 60% of Regular Earnings subject to a maximum monthly benefit of $1500.00, less any benefit paid or payable under any other Group Insurance Plan, Total Social Security, Workman’s Compensation or occupational disease law and the Longshoreman’s Harbor Worker’s Act.” (Jones Act.)
At the time of the accident, Loyacano had a regular monthly income of $1,612.00. The accident left him permanently disabled entitling him to receive disability benefits of 60% of his monthly income which amounted to $967.20 per month. These benefits were paid each month by Stuyvesant to Loyacano in accordance with the policy provision. However, in August of 1975, Loyacano began receiving Social Security benefits of $341.70. Stuyvesant, pursuant to the disability provision, lowered the amount of its payments keeping the level of monthly benefits at $967.20 per month. In effect, Loyacano received $341.70 from Social Security and $625.50 from Stuyvesant totalling $967.20 per month. During the next four years, Loya-cano periodically received cost of living increases from Social Security; accordingly, Stuyvesant lowered the amount of its payments keeping the total figure constant. Loyacano also had his Social Security reduced during this time period as a result of a change in marital status. Stuyvesant promptly increased its payments reflecting *1158 that decrease in Social Security benefits keeping the total benefits received by Loya-cano at the $967.20 figure.
Loyaeano questioned the right of Stuyvesant to offset Social Security benefits against the disability benefits paid to him causing Stuyvesant to file a petition for a declaratory judgment seeking to have this right recognized. After discovery, Stuyvesant moved for a summary judgment on grounds that there was no genuine issue as to material fact and it was therefore entitled to a judgment as a matter of law. In connection with this motion for a summary judgment, the plaintiff furnished an affidavit together with a copy of the insurance policy in question. The respondent also gave an affidavit and attached to it the schedule of benefits as outlined by Avon-dale Shipyards, Inc. These two affidavits show no true conflict of any relevant facts. The affidavit of the respondent consists mainly of irrelevant facts and conclusions of those facts based upon the documents attached thereto.
The only material issue concerns the interpretation of the provision quoted above. We have examined the policy and have found it to support the position and conclusions of Stuyvesant. The benefits schedule offered in evidence by the respondent is consistent with the facts and conclusions of the plaintiff. Accordingly, we affirm the judgment granting the motion of summary judgment in favor of the plaintiff. Costs of this appeal are to be paid by the appellant.
AFFIRMED.