LOTTINGER, Judge.
This is an action ex delicto by Debra J. Bolin against Safeco Insurance Companies, the homeowner’s insurer of Stephen C.M. *72 Balliet, and State Farm Mutual Automobile Insurance Company, (State Farm), the automobile liability insurer affording uninsured motorist coverage of plaintiff, Debra J. Bolin. From a summary judgment in favor of State Farm, plaintiff has appealed.
FACTS
The trial judge in oral reasons has set out the essential facts:
“The salient facts in this case are that, on or about March 10, 1980, Debra J. Bolin, while visiting Tracy Balliet at her residence of 8635 Fairway Drive, Baton Rouge, was engaged in helping Ms. Bal-liet wash a 1979 Ford Pickup truck; while doing so, she slipped and fell against the truck, allegedly sustaining some injuries. The pickup truck owned by Ms. Balliet was not insured.
“State Farm Mutual Automobile Insurance was sued as the uninsured motorist carrier of the vehicle owned by Debra J. Bolin.
“In the deposition of Ms. Bolin, she alleged that she slipped and fell on an accumulation of mud and detergent suds, and that the mud that had accumulated on the driveway came from the lawn and not the truck.”
The State Farm policy provides:
“Coverage U-Uninsured Motorists (Damages for Bodily Injury). To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called ‘bodily injury’, sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; * *
TRIAL COURT
In relying on Fertitta v. Palmer, 252 La. 336, 211 So.2d 282 (1968) and Bruno v. Hartford Accident & Indemnity Company, 337 So.2d 241 (La.App. 3rd Cir.1976), the trial judge concluded that from a common sense approach the accident was not a result of the “ownership, maintenance or use” of the vehicle, but rather from the maintenance of the driveway.
SPECIFICATION OF ERROR
Plaintiff-appellant argues that the trial court was in error in failing to find that washing the pickup truck in question was maintenance or use of the vehicle.
I
Where insurance contracts contain doubtful or ambiguous clauses, the interpretation of such provisions is to be construed favorably to the insured and against the insurer. Carney v. American Fire & Indemnity Company, 371 So.2d 815 (La.1979); Jennings v. Louisiana and Southern Life Insurance Company, 280 So.2d 297 (La.App. 1st Cir.1973).
Plaintiff-appellant basically argues that the washing of a vehicle is in fact maintenance. We conclude that not only is the changing of oil, lubrication, the changing of filters, and mechanical maintenance not the only maintenance required on a vehicle, but periodic washing of a motor vehicle is maintenance as it is necessary for the purpose of removing accumulated mud and dirt from, on and under the vehicle, thus prolonging its useful life.
The language in the insurance contract does not limit the term “maintenance” to the changing of oil, lubrication, changing of filters, and mechanical repairs, but leaves that term open to any kind of maintenance that may be performed on a motor vehicle.
Inasmuch as we conclude that maintenance of a vehicle includes washing thereof, the trial judge was in error in granting the summary judgment.
II
The trial judge’s decision was based on “use” of the vehicle. Inasmuch as we have above concluded that maintenance of a vehicle was taking place at the time of the accident, we pretermit any discussion of whether the vehicle was being used as contemplated by the insurance contract.
*73 Therefore, for the above and foregoing reasons, the judgment of the trial court is reversed and this matter is remanded for further proceedings. All costs of this proceeding are assessed to defendant-appellee.
REVERSED AND REMANDED.