SAVOIE, Judge.
Defendant, Charles E. Metrailer, asserts the trial court erred in construing the terms of his option contract with plaintiff, Abby Blalock Rogers, to purchase a tract of land.
On March 19, 1981, the parties herein entered into an Agreement to Purchase a certain tract of land in Livingston Parish. Incorporated within this Agreement to Purchase was an option to purchase an additional adjoining 4.7 acres. On April 1,1981, the parties closed the sale of the first tract of land. On this same date, an Option to Purchase was contracted by the parties. It provides in pertinent part:
“... vendors hereby errant unto vendee for a period of one (11 year from date hereof, or until a clear title to the property is obtained by the settlement of that certain suit ...” (Emphasis added).
And again later:
“It is further understood and agreed that time is of the essence of this contract and that all rights of the said Vendee hereunder shall cease and terminate if not exercised within one Ill year from this date, or until the said Vendors have the above described property in their name by the settlement of the above described law suit.” (Emphasis added).
Less than one year after the sale of the first tract of land, a clear title to the optioned property was secured. Plaintiff then called upon the defendant to exercise his option within sixty days. The defendant refused, stating that he had until April 1, 1982, to exercise his option. This suit ensued in which plaintiff seeks to have the Option to Purchase declared null and void.
The trial court, finding the Option to Purchase to be clear and unambiguous, granted judgment in favor of the plaintiff and dismissed defendant’s reconventional demand. Defendant assigns as error the trial court’s failure to apply Civil Code articles 1949, 1950, and 1957 in this instance. Further, he prays that his reconventional demand for damages based upon plaintiff’s breach of the Option to Purchase be granted.
It is well settled in Louisiana that agreements legally entered into have the effect of law upon those who have formed them and the courts are bound to give legal, effect to such agreements according to the true intent of the parties. That intent is to be determined by the words of the contract, when these are clear and explicit and lead to no absurd consequences. L.S.A.-C.C. art. 1945; and Leenerts Farm, Inc. v. Rogers, 421 So.2d 216 (La.1982).
The parties in this instance agreed to an option contract for the purpose of transferring a tract of land. An option contract is defined as an agreement by which one binds himself to perform a certain act, usually to transfer property, for a stipulated price within a designated time, leaving it to the discretion of the person to whom the option is given to accept upon the terms specified. 17 Am.Jur.2d Contracts § 32 (1964).
The Option to Purchase provides defendant with alternative times in which he may exercise his option. These alternatives are either one year from the date of the sale of the first tract of land or when a clear title to the land is obtained. Plaintiff contends that these alternatives provide that defendant must exercise his option at the occurrence of the earliest event. Contrarily, defendant claims that these terms allow him to exercise his option at the occurrence of either of these events.
The operative word in the aforementioned Option to Purchase is the word “or.” “Or” is defined as a “disjunctive article used to express an alternative or to give a choice of one among two or more things.” Black’s Law Dictionary 1246 (4th ed. 1951). Accordingly, defendant had the right to select one of the specified times in which to exercise his option.
In our second quotation, we underscored the phrase “time is of the essence.” This phrase might be construed as supporting the position of the trial court and the plain *392 tiff. However, neither the trial court nor plaintiffs brief cited this phrase in support of their position that defendant was obligated to select the earliest possible date to exercise his option. We find that this phrase was intended to prevent any extension of time beyond the alternative acceptance periods granted to defendant and hence has no bearing on the issue of the option’s timely acceptance.
We also consider the possibility that the language “... one year from date hereof or until a clear title to the property is obtained ...” may be ambiguous. The very fact that we find this phrase to have a different intent from that of the trial court indicates that reasonable minds might find it ambiguous. Conceding, arguendo, that this phrase is ambiguous, we would be guided by articles 1949 [1], 1950[2], and 1951[3] of the Civil Code.
Civil Code article 1949 admonishes us to refer to other agreements made on this subject by these parties where anything is in doubt in the contract. Here, defendant filed into evidence the purchase agreement of March 19, 1981, wherein these identical parties executed an agreement to purchase the identical property for the identical price. The corresponding language in this agreement gave defendant until “one year after seller obtains a valid or marketable title ...” to accept the option.
Further, Civil Code article 1950 admonishes us to ascertain the common intention of the parties. It is obvious that defendant intended that he should have at least one year in which to exercise his option. It is equally clear from the agreement of March 19, 1981, that this intention was shared by the plaintiff. We are not impressed with the testimony of plaintiff’s attorney as to his intention since he was the preparer of the second agreement and not a party thereto.
Finally, if there is any doubt as to the intent of the parties, Civil Code article 1951 admonishes us to interpret this doubt against the drafter of the agreement. Here, plaintiff’s attorney drafted the Option to Purchase. Accordingly, we must interpret the document against plaintiff.
Having found that defendant could timely accept the option at either of the specified times, we now decide whether he did in fact do so. The record reflects that the defendant sent the plaintiff his letter of acceptance of the option by certified mail, return receipt requested on March 18, 1982. This procedure was in accordance with the option’s provisions. While plaintiff testified that she did not receive any acceptance letter, her attorney testified that he did receive such acceptance within the one year period.
Therefore, we find that defendant filed his acceptance of the Option to Purchase timely. As such, the trial court erred in concluding that the defendant failed to exercise his option within the designated time. The trial court’s judgment declaring the Option to Purchase null and void is, therefore, reversed.
Defendant further asserts that his recon-ventional demand for damages (i.e., $10,-000.00) based upon his inability to use the optioned property as provided for by the Option to Purchase should be granted. We find the terms of the agreement to be clear and unambiguous as to this matter. Defendant was given no such right. Further, the record is devoid of any substantiating evidence of such loss of use. We, therefore, affirm the trial court’s judgment dismissing defendant’s reconventional demand.
*393 For the above and foregoing reasons, the judgment of the trial court is affirmed in part and reversed in part. All costs are to be borne equally between the plaintiff, Abby Blalock Rogers, and defendant, Charles E. Metrailer.
AFFIRMED IN PART AND REVERSED IN PART.

. C.C. art. 1949.
When there is anything doubtful in one contract, it may be explained by referring to other contracts or agreements made on the same subject between the same parties, before or after the agreement in question.

. C.C. art. 1950.
■When there is anything doubtful in agreements, we must endeavor to ascertain what was the common intention of the parties, rather than to adhere to the literal sense of the terms.

.C.C. art. 1951.
When a clause is susceptible of two interpretations, it must be understood in that in which it may have some effect, rather than in a sense which would render it nugatory.