HALL, Chief Judge.
This is an action for medical benefits, in particular the total amount of surgical fees incurred by plaintiff, Robert E. Wallace, allegedly due under the terms of a hospital and surgical expense insurance policy issued by defendant, Globe Life and Accident Insurance Company, together with statutory penalties and attorney’s fees. From the judgment of the district court awarding limited surgical fee benefits in the amount of $600.00 plus a penalty of $600.00 and attorney’s fees in the amount of $1,000.00, plaintiff appeals. The defendant neither appealed nor answered the appeal. For the reasons expressed in this opinion, we affirm the judgment of the district court.
Plaintiff contends that under the terms of the policy, he is entitled to recover the full amount of the surgical fees for his coronary bypass operation, which plaintiff contends totalled $6,490.00. Defendant argues that under the Schedule of Operations contained in the policy, the maximum amount due by it for the surgical fees incurred by plaintiff is $600.00, the amount awarded by the trial court.
FACTS
On February 1, 1982, defendant issued a hospital and surgical expense insurance policy to plaintiff. Plaintiff was hospitalized in Community Hospital in Springhill, Louisiana on October 24, 1982. The final diagnosis was angina pectoris and plaintiff was discharged from the hospital on October 25, 1982. Pursuant to the terms of the policy, defendant paid medical benefits for this hospitalization in the amount of $441.00. Shortly thereafter, plaintiff was hospitalized at Schumpert Medical Center in Shreveport, Louisiana from October 28, 1982 to November 10,1982 where he underwent coronary bypass surgery. The total medical bills for this hospitalization were in excess of $22,000.00. The fee charged by the surgeon was $4,750.00. Defendant paid benefits for this hospital stay in the amount of $2,715.75. Additional benefits for this hospitalization in the amount of $110.75 were later paid by defendant. Suit was filed in July, 1983. Defendant deposited $600.00 for surgical benefits into the registry of the court in May, 1984.
THE INSURANCE POLICY
Benefits for surgical operations are set forth in Part 3 of the insurance policy, which provides in pertinent part:
Part 3 BENEFITS FOR SURGICAL OPERATIONS
If the Insured or any member of the Family Group, as a result of such injury or such sickness, shall have a surgical operation performed by a licensed physician or surgeon the Company will pay the Insured (or will pay the physician or surgeon if authorized by the Insured to do so) for the fee charged by such physician or surgeon for such operation, not to exceed the amount set opposite the name of the operation in the Schedule of Operations below. Not more than one indemnity, the largest, will be paid for operations performed on account of any one injury or sickness or for two or more surgical procedures performed during one operation....
The Schedule of Operations contained in Part 3 of the policy enumerates numerous operations, including the following chest surgeries and the amounts recoverable therefor:
CHEST
Thoracoplasty (complete), pneumonectomy, lobectomy.600.00
Empyema-lung abscess requiring rib resection, phrenic nerve crushing or excision.200.00
Breast, radical operation, double.200.00
Breast, radical operation, single.150.00
Removal of tumor or tumors from breast.50.00
Bronchoscopy.70.00
Aspiration-artificial pneumothorax.. .40.00
Other operation on chest wall.30.00
Fractures
Clavical.60.00
Scapula.80.00
Ribs, one or more.40.00
The maximum compensable amount for any surgical operation in the Schedule of Operations is $700.00 for brain surgery. *658 The schedule does not list any operations relating to the heart.
The Schedule of Operations further provides:
“For operations or fractures not otherwise specified in this Part 3, the Company will determine the amount to be paid for such operation on a basis commensurate to similar operations or fractures under this Part 3. No amount will be allowed for the extraction of teeth or dental surgery.”
TRIAL COURT DECISION
Although plaintiff contended that since bypass surgery was not specifically enumerated in the Schedule of Operations, he was entitled to recover the total amount of the surgical fees, the trial court found that under the language of the policy, plaintiff was only entitled to recover surgical expenses in an amount commensurate to surgical fees for similar operations listed in the Schedule of Operations. The court awarded plaintiff the sum of $600.00, which was the amount determined by defendant to be reasonable under the provisions of the policy and which the court found to be fair. The court found that plaintiff did not show that this amount was not commensurate with similar operations as provided by the provisions of the policy. The court further awarded penalties in the amount of $600.00 plus reasonable attorney’s fees in the amount of $1,000.00. Noting that the record was void of any evidence relating to the alleged late $110.75 payment of medical benefits, the court did not award statutory penalties on that amount.
APPLICABLE LEGAL PRINCIPLES
It is well-settled that the rules which govern the interpretation of written agreements also apply to contracts of insurance. The terms and provisions of insurance contracts, as with other written agreements, are to be construed in their general and popular meaning. Martin v. Phillips, 356 So.2d 1016 (La.App. 1st Cir.1977) and citations therein. See also Carney v. American Fire & Indem. Co., 371 So.2d 815 (La.1979). The insurance contract must be interpreted as a whole and all the terms and provisions of the policy must be construed together to ascertain the true intent of the parties. See Martin v. Phillips, supra and Carney v. American Fire & Indem. Co., supra. In interpreting insurance policies, the principal consideration is to ascertain the intention of the parties from the language of the contracts. Courts must give legal effect to the insurance policy provisions according to the true intent of the parties, which intent is determined by the words of the policy when these are clear and explicit and lead to no absurd consequences. Agreements which have been legally entered into have the effect of laws between the parties who formed them. Therefore, when the words of the insurance policy are clear and explicit and lead to no absurd consequence, the courts may not alter them. LSA-C.C. Art. 1945, Graves v. Traders & General Insurance Company, 252 La. 709, 214 So.2d 116 (1968); Hampton v. Lincoln Nat. Life Ins. Co., 445 So.2d 110 (La.App. 2d Cir.1984); Rogers v. Metrailer, 432 So.2d 390 (La. App. 1st Cir.1983); McClelland v. Security Indus. Ins. Co., 426 So.2d 665 (La.App. 1st Cir.1982), writ denied, 430 So.2d 94 (La.1983); Saucier v. John-Clai Co., 408 So.2d 27 (La.App. 3d Cir.1981); Hall v. National Life & Acc. Ins. Co., 383 So.2d 74 (La.App. 3d Cir.1980); Gulf Bldg. Services v. Travelers Indem. Co., 435 So.2d 477 (La.App. 4th Cir.1983), writ denied, 441 So.2d 749 (La.1983); West Side Funeral Home, Inc. v. Nicholas, 425 So.2d 837 (La.App. 5th Cir.1982), and numerous citations therein. However, ambiguities in an insurance contract will be construed against the insurer and in favor of the insured. Martin v. Phillips, supra. See also Rodriguez v. Northwestern Nat. Ins. Co., 358 So.2d 1237 (La.1978); 70th St. Food Store v. Northeastern Fire Ins., 408 So.2d 958 (La. App. 2d Cir.1981); Rambin v. Continental Casualty Company, 186 So.2d 861 (La. App. 2d Cir.1966), writ refused, 249 La. 578, 187 So.2d 740 (1966); Graham v. Equity Nat. Life Ins. Co., 373 So.2d 988 (La. App. 3d Cir.1979), writ denied, 376 So.2d *659 319 (La.1979) and 376 So.2d 320 (La.1979), and citations therein.
It is further well-established that insurers have the same right as individuals to limit their liability and to impose whatever conditions they please upon their obligations under the policy in the absence of conflicts with laws or public policy. Hall v. National Life & Acc. Ins. Co., supra.
SURGICAL BENEFITS DUE
The trial court did not err in its interpretation of the hospital and surgical expense insurance policy and the amount recoverable thereunder for surgical fees.
The language of the pertinent policy provisions is not ambiguous and was specifically designed to address and resolve the problem presented in the instant case, that is, the method of determining the benefits payable when a surgery is not listed in the Schedule of Operations. Although plaintiff argues that since a coronary bypass operation was not listed in the Schedule of Operations he is entitled to recover the full amount of the surgical fees, this is not a reasonable interpretation of the terms of the policy.
Part 3 of the insurance policy provides that in the event that the insured has a surgical operation, defendant will pay for the fee charged by the physician or surgeon, not to exceed the amount specified for the surgery in the Schedule of Operations. However, for operations not specified in the Schedule of Operations, the policy provides that defendant shall determine the amount to be paid on a basis commensurate to similar operations under Part 3.
The only reasonable interpretation which can be placed on these policy provisions is that in circumstances where the insured undergoes a non-listed surgical procedure, the benefits for such surgical procedure shall be determined by the insurer and shall be commensurate with the benefits payable for similar operations actually listed in the Schedule of Operations.
In the instant ease, defendant determined and the trial court apparently concluded that a thoracoplasty, the most complex chest surgery enumerated in the Schedule of Operations for which the highest benefit is payable, was the listed operation most similar to coronary bypass surgery. The plaintiff offered no evidence to the contrary. On the record as it exists, the trial court’s conclusion was reasonable and the trial court was not clearly wrong in awarding plaintiff the surgical fee which would have been recoverable for the most complex chest surgery listed, that is, $600.00. Thus, the plaintiff was properly awarded this amount for his surgical procedure, together with penalties and attorney’s fees under LSA-R.S. 22:657 because the surgical benefit was not paid within the time required by the statute.
ADDITIONAL PENALTIES
Plaintiff argues that the trial court erred in failing to award statutory penalties on the late payment of benefits in the amount of $110.75. As found by the trial court, there is not sufficient evidence as to defendant’s alleged failure to timely pay these benefits to justify an award of penalties for this item.
DECREE
For these reasons, the judgment of the district court is affirmed at plaintiff’s costs.
AFFIRMED.