GUIDRY, Judge.
Defendant, The Travelers Insurance Company (Travelers), appeals from a judgment in favor of its insured, Ivan A. Sweet, awarding benefits under a long term disability insurance policy. The trial court awarded Sweet $117.50 per month from the date of his disabling accident for as long as his disability continues. The trial court denied Sweet’s demand for penalties and attorney’s fees.
The sole issue on this appeal concerns whether the trial court, in awarding recovery to plaintiff, correctly interpreted the provisions of the insurance policy issued by Travelers.
The facts surrounding this controversy are not in dispute. On March 18, 1983, Sweet sustained a gunshot wound to his head, which rendered him totally blind. At the time of his injury, Sweet was employed as a sandblaster for Zwolle Rail Car Company, a subsidiary of MBF Industries, Inc. Sweet is totally disabled from any type of employment.
At the time of the accident, Sweet, through his employer, MBF Industries, *241 Inc., was insured by Travelers under a long term disability policy. The benefits payable under the policy are:
“I. (a) Subject to Paragraphs II and III below, the amount of monthly benefit payable for each full month of total disability shall be an amount equal to 60% of the Employee’s Basic Monthly Compensation with the resultant amount taken to the nearest multiple of One Dollar, subject to a maximum amount of $2,000 per month.
[[Image here]]
II. The benefit payable for any monthly period of total disability, determined in accordance with Paragraph I above shall be reduced by the amount of any Other Income Benefits as defined in Paragraph IV of the provision captioned ‘Definitions’ available to the Employee for such period.”
The policy thereafter included in its definition of “Other Income Benefits” the following:
“IV. The term ‘Other Income Benefits’ as used herein means income benefits available under
[[Image here]]
(g) The Federal Social Security Act or the Railroad Retirement Act, together with all amendments thereto, but not including any increase in such benefits as a result of amendment of such Act effective after the date on which the Employee becomes entitled to the first monthly payment under this policy, or as a result of cost-of-living increases in benefits effective after such date.
For the purposes of the insurance under this policy, reference herein to Other Income Benefits available to the Employee shall, with respect to Other Income Benefits as defined in item (g) of this Paragraph IV, be deemed to include such Benefits available to or for any and all dependents (as therein defined) of the Employee on account of the Employee’s disability or retirement.” (Emphasis ours).
Following a claim by Sweet for benefits under the disability policy, Travelers computed Sweet’s benefits as follows:
60% of Sweet’s Basic Monthly Compensation ($996.67) $598
Less monthly Social Security benefits paid to Sweet $485
Less monthly Social Security benefits paid to Sweet’s minor son $242 $727
Net Monthly Salary Continuation Payment $-0-
Having found that Sweet’s “Other Income Benefits”, as defined in the insurance policy, exceeded the amount of long term disability benefits, Travelers informed Sweet that he was not then entitled to any benefits under the policy. Sweet thereafter filed the instant suit, claiming error in Travelers’ deduction of his son’s Social Security Dependency benefits from his disability benefits.[1]
Sweet argued at the trial level that Travelers should not have deducted, from the benefits due him under the insurance policy, the Social Security benefits paid to his minor son because (1) Sweet’s son is not his dependent since the son is in the custody of Sweet’s ex-wife and Sweet is no longer obligated for child support; (2) the Travelers’ policy is vague and ambiguous regarding dependents and thus should be interpreted in Sweet’s favor; (3) Travelers’ insurance policy is against public policy since it provides for a reduction in disability benefits for Social Security benefits payable to a minor child who does not live with the claimant; and, (4) Travelers should not have deducted the Social Security benefits payable to Sweet’s son since the policy provides for reductions in benefits only to the extent that such is other income benefits available to the claimant. Sweet’s second and fourth arguments are both founded on the alleged ambiguity of the insurance policy.
*242 As stated earlier, the trial court ruled in Sweet’s favor and awarded him monthly disability benefits under the policy in the amount of $117.50.[2] The trial court adopted Sweet's post-trial brief as its written reasons for judgment. Since the post-trial brief relied upon was based upon plaintiffs four arguments, we are uncertain as to the precise basis for the trial court’s decision. In any event, we ultimately determine that the trial court clearly erred in rendering judgment for plaintiff.
The law regarding the interpretation of insurance contracts is clear. An insurance policy is a contract between the insured and the insurer and has the effect of law between the parties. Moncrief v. Blue Cross-Blue Shield of Arkansas, 472 So.2d 299 (La.App. 3rd Cir.1985). Courts are bound to give legal effect to the terms of an insurance policy according to the true intent of the parties, and that intent is to be determined from the words of the contract when they are clear and explicit and lead to no absurd consequences. Martin v. Phillips, 356 So.2d 1016 (La.App. 1st Cir.1977). Insurers may limit their liability under a policy of insurance as long as the limitation does not conflict with statutory law or offend public policy. Fruge v. First Continental Life and Accident Ins. Co., 430 So.2d 1072 (La.App. 4th Cir.1983), writ denied, 438 So.2d 573 (La.1983).
We find no ambiguity in the provisions of the Travelers’ policy. The policy clearly provides for a reduction in benefits to the extent of any periodic cash payments with respect to disability provided by Social Security, whether such payments be for the claimant or for any of his dependents.
Sweet contends that the policy is ambiguous since it does not differentiate between dependents living with the claimant and dependents living elsewhere. He further argues that, since the policy contains the language “Other Income Benefits available to the Employee”, payments made to dependents not residing with the claimant are not benefits “available to the employee” and thus should not be considered as reducing benefits due plaintiff under the policy. We find no merit to these arguments. The policy clearly sets forth that “dependents” are those persons defined as dependents under the Social Security Act. The record confirms that the Social Security Administration makes no distinction between dependents living with claimants and those living elsewhere. Sweet’s minor son obviously fit the Social Security’s definition of a “dependent” since he is receiving Social Security benefits due to his father’s disability in the amount of $242.00 per month.
We also disagree with Sweet’s contention that, since the Social Security benefits sent to his son were paid to Sweet’s ex-wife on the child’s behalf, they were not benefits “available to him” as provided in the policy. The policy clearly states that “Other Income Benefits available to the Employee shall ...be deemed to include such Benefits available to or for any and all dependents”. Since we have already determined that the living arrangement of the claimant’s child does not affect his status as a “dependent” under the Social Security Act, it is clear that the policy deems such benefits available to the employee, whether or not they are actually available. It does not matter where the minor child is located so long as he is receiving the Social Security benefits on behalf of his father’s disability. There is no ambiguity in the wording or intent of this provision of the policy.
We also find nothing in the policy’s provisions against public policy. With regard to the deduction for the Social Security benefits paid to Sweet’s minor son, such reduction will cease once the child's entitlement to dependency benefits cease. At that time, Sweet will be entitled to benefits under the disability policy, assuming his continued disability. In the case of Stuy *243 vesant Life Ins. Co. v. Loyacano, 408 So.2d 1157 (La.App. 4th Cir.1981), the Fourth Circuit held that an insurer was entitled to offset social security benefits paid to an injured employee against the disability benefits paid to him under a disability insurance policy. We see no reason why an insurer cannot also contractually stipulate for an offset of Social Security benefits paid to an insured’s dependents.
For the above and foregoing reasons, the judgment of the trial court is reversed and judgment is entered in favor of defendant, The Travelers Insurance Company, dismissing plaintiffs suit with prejudice. Costs at the trial level and on appeal are assessed to Ivan Sweet.
REVERSED AND RENDERED.

. On appeal, plaintiff urges no error in any of the calculations or figures utilized by Travelers, except for its deduction of the Social Security benefits paid to his son from the disability benefits due him under the policy. At the time of the accident. Sweet was divorced and his ex-wife had legal custody of their minor son.

. Both parties concede on appeal that the trial court apparently erred - in computing the amount of disability benefits owed to Sweet as being $117.50 per month. The correct amount owed to Sweet, under the trial court's holding, would have been $113.00 per month.