GUIDRY, Judge.
Plaintiff, Patsy N. Guillory, filed the instant suit 520 So.2d 1075 (La.App. 3 Cir.1987), alleging personal injury arising out of an accident, which occurred on or about December 9, 1983, and prayed for judgment in the sum of $120,000.00. Diane D. Reilly, her husband, Michael Reilly, and their insurer, Trinity Universal Insurance Company (Trinity) were named as defendants. The defendants answered, generally denying plaintiff’s allegations, and prayed for a trial by jury. By order dated January 11, 1985, the jury request was granted and a bond was timely filed.
Based on answers to interrogatories indicating the limits of the Trinity policy at $10,000.00, the plaintiff supplemented and amended her petition to name her uninsured motorist carrier, Allstate Insurance Company (Allstate), as an additional defendant. On joint motion of plaintiff and defendants, other than Allstate, plaintiff’s claims against Diane and Michael Reilly were dismissed without prejudice, leaving Trinity and Allstate as the sole defendants.
Allstate, as the UM carrier, filed a cross-claim against Trinity, Diane D. Reilly and Michael Reilly. Subsequently, this matter was set for jury trial on February 3, 1986 but was continued without date.
By a second amending petition, the plaintiff reduced her demand to $9,999.99. Because of this reduction in her demand, plaintiff requested that the court rescind the jury trial order and conduct a bench trial. The trial court permitted the filing of plaintiffs second amending petition and rescinded its previous order allowing a jury trial. Thereafter, Allstate, the UM carrier, filed a motion for summary judgment based upon the premise that, considering the amount of the plaintiff’s demand and the limits of the Trinity policy, the Reilly vehicle is not an underinsured motor vehicle such as would trigger coverage under the Alísate policy. By judgment dated November 3, 1986, and supplemented on November 14, 1986, the motion for summary judgment was granted. This appeal followed.
*1073 By a separate suit, Patsy N. Guillory filed a claim against Allstate under the medical payment provisions of the Allstate policy. This suit was consolidated with the suit which bears our docket number 86-1123 and remains so on appeal. Allstate filed a motion for summary judgment seeking dismissal of plaintiffs claim on the basis that, under the terms of the policy, there is no medical payment coverage except for treatment, services, or products rendered within one year after the accident. It was undisputed that all of the bills for medical expenses, which the plaintiff claims were incurred as a result of the December 9, 1983 accident, were for medical treatment, services or products rendered to plaitniff after December 9, 1984. Upon this showing, the trial court sustained Allstate’s motion for summary judgment. Plaintiff’s appeal in this latter case bears our docket number 86-1124.
Since the cases were consolidated at the trial level and remain so on appeal, we will decide all issues presented in both appeals in this opinion, but we will render a separate decree in number 86-1124.
In the suit which bears our docket number 86-1123, the sole issue on appeal is whether the trial court erred in dismissing plaintiff’s suit against her uninsured motorist carrier when it is undisputed that the plaintiff, by amended petition, reduced her demand for damages to a sum less than the automobile liability coverage of the alleged tortfeasor.
The record reflects that the policy limits of the policy issued by Trinity to the Reillys provides limits of $10,000.00 for personal injury per individual, $20,000.00 for personal injury per occurrence, and $10,000.00 for property damage per occurrence. Plaintiff was insured by Allstate under a UM policy with a $10,000.00 limit for bodily injury per person. The trial court, on application of the plaintiff, allowed the filing of a second amending petition whereby plaintiff reduced her demand to $9,999.99, a sum for which Trinity provides liability coverage under the afore-stated policy. Thus, it is clear that, considering the amount of damages which plaintiff seeks, defendant, Diane D. Reilly, is not an underinsured motorist and plaintiff is entitled to no recovery under the UM provisions of the Allstate policy.
In spite of the above, plaintiff argues that the trial judge erred because conceivably plaintiff might establish her entitlement to a sum greater than that for which she prayed in her petition and, if so, the trial court could, with authority, grant the greater award. We disagree.
In Smith v. Moncrief, 421 So.2d 1127 (La.App. 3rd Cir.1982), writ denied, 426 So.2d 177 (La.1983), we cited the following well established jurisprudential rule from our holding in Ehrhardt v. Cummins, 369 So.2d 213 (La.App. 3rd Cir.1979), writ denied, 369 So.2d 1366 (La.1979):
“The general rule is that a litigant may not recover an amount greater than that for which he prayed in his petition. Friedman Iron and Supply Co. v. J.B. Beaird Co., Inc., 222 La. 627, 63 So.2d 144 (1952); Alumaglass Corp. v. Succession of Kendrick, 303 So.2d 911 (La.App. 1st Cir.1974); writs refused February 14, 1977. The only exception to this rule of which we are cognizant involves elements of special damages in situations when otherwise inadmissible evidence is admitted without objection and the pleadings are enlarged to that extent. LSA-C.C.P. Article 1154; Sterkx v. Gravity Drainage District No. 1 of Rapides Parish, 214 So.2d 552, (La.App. 3rd Cir.1968), writs refused [252 La. 964, 215 So.2d 130] November 15, 1968.”
Considering this settled principle, we conclude that the trial court did not err when it granted Allstate’s motion for summary judgment. It would be patently unfair to permit a plaintiff leave to amend his petition seeking a sum below the amount required for a jury trial, thus depriving the defendant of a jury trial and at the same time allow the plaintiff recovery over and above the amount for which he prayed.
In the suit which bears our docket number 86-1124, the sole issue on appeal is whether Allstate, as a matter of law, is obligated under the medical payment provisions of its policy to pay medical expenses incurred by the plaintiff as a direct consequence of the accident of December 9, *1074 1983, if such medical expenses are for treatment, services or products “rendered” more than one year after the accident.
The policy issued to Patsy N. Guillory by Allstate contains the following pertinent provision:
“Allstate will pay to or on behalf of an insured person all reasonable expenses incurred for medical treatment, services, or products actually rendered. Ambulance, hospital, medical, surgical, X-ray, dental, orthopedic and prosthetic devices, pharmaceuticals, eyeglasses, hearing aids, funeral service expenses, and professional nursing services are covered. Payments will be made only when bodily injury, sickness, disease, or death is caused by an auto accident.
The treatment, services, or products must be rendered within one year after the accident. This will be extended to five years if the amount of insurance shown on the declarations page for this coverage is more than $5,000.”
Plaintiff relies on numerous cases which stand for the proposition that as long as there is a sufficient nexus between the accident in question and the medical services performed, etc., such services may be performed after the policy time limitation. The cases to which plaintiff refers are factually distinguishable and therefore inappo-site. The policy language in the cases cited by plaintiff is different from the policy language quoted above. The decisions in the cases cited by plaintiff turn on a construction of the word “incurred”, whereas, in this case, the key word is “rendered”.
In Cormack v. Prudential Insurance Company of America, 259 So.2d 340 (La.App. 4th Cir.1972), writ denied, 261 La. 824, 261 So.2d 230 (La.1972), the court interpreted a health and accident policy which covered dental services only if they were “rendered” within six months after the accident. There, the court upheld the time limitation in the policy, distinguishing cases that construed policies requiring that medical services be “incurred” within a certain time period after an accident. In so holding, the court stated:
“... We are convinced that the provisions in question in the present case are clear and unambiguous and must be enforced as written. By the terms of the policy no charges for dental service are recompensable unless such treatment is for a fractured jaw or accidental injury to teeth. The further provision is made that these enumerated injuries must be treated, or services rendered, within a six month time period from the date of the accident....
[[Image here]]
... We are convinced, however, that the dental services must be rendered within six months in order to become compensable. The establishment of a need for additional work is not within the meaning of services rendered. The meanings of words in a contract are determined by their common and general use and may be explained as to their true sense by phrases used in connection with the word. LSA-C.C. Articles 1946 and 1948. The clear import of this language used contemplates the actual performance of treatment, service, or work which gives rise to a contractual relation resulting in a monetary payment. The need for additional work is not the performance of work for which payment is neces-sitated_” Supra, at 343.
The record reflects that all of the bills submitted by plaintiff to Allstate were for medical treatment, services or products rendered more than one year following the anniversary date of the accident. Consequently, under the medical payment coverage provision of the plaintiff’s policy, Allstate is not obligated to pay the medical bills submitted by the plaintiff.
As we stated in Sweet v. Travelers Insurance Company, 492 So.2d 240 (La.App. 3rd Cir.1986), writ not considered, 496 So.2d 320 (La.1986):
“... The law regarding the interpretation of insurance contracts is clear. An insurance policy is a contract between the insured and the insurer and has the effect of law between the parties. Moncrief v. Blue Cross-Blue Shield of Arkansas, 472 So.2d 299 (La.App. 3rd Cir.1985). Courts are bound to give legal effect to the terms of an insurance policy according to the true intent of the parties, and that intent is to be determined *1075 from the words of the contract when they are clear and explicit and lead to no absurd consequences. Martin v. Phillips, 356 So.2d 1016 (La.App. 1st Cir.1977). Insurers may limit their liability under a policy of insurance as long as the limitation does not conflict with statutory law or offend public policy. Fruge v. First Continental Life and Accident Ins. Co., 430 So.2d 1072 (La.App. 4th Cir.1983), writ denied, 438 So.2d 573 (La.1983).”
We find no ambiguities in the medical payment coverage provision in the Allstate policy. The policy clearly provides that medical treatment, service or products must be rendered within one year of the accident. We also find nothing in the policy’s provisions against public policy. We disagree with the plaintiff’s contention that such a policy "... tends to force claimants to be admitted to the hospital or to the doctor within one year of the accident when it may not be necessary on pain of forfeiting coverage”. The obvious intent of the insurer here is to set a contractual limitation as to the period of time the insurer will provide coverage for medical expenses in connection with an injury sustained in an accident covered by the policy.
For these reasons, the judgment of the trial court is affirmed. Plaintiff is cast with all cost of this appeal.
AFFIRMED.