L SULLIVAN, Judge.
Plaintiffs, Joseph and Virginia Abshire, appeal a summary judgment dismissing their claims against Louisiana Farm Bureau Mutual Insurance Company (Farm Bureau). For the following reasons, we affirm.
Facts and Procedural History
On October 10, 1998, Mr. Abshire sustained injuries while driving westbound on Highway 182 near New Iberia, Louisiana, when his vehicle was struck in his lane of travel by an eastbound eighteen-wheeler driven by Paul Strickland. Mr. Strickland, an employee of Jim Hamilton and Sons, Inc. (Hamilton), was driving his employer’s cab while pulling a load of sugar cane in a trailer owned by B & A Cane, Inc. and/or B & A Farms (B & A Cane). Mr. Strickland veered into the westbound lane to avoid hitting the eighteen-wheeler directly in front of him. That vehicle had come to a sudden stop when the vehicle in front of it, a pickup truck hauling a boat, had *406 stopped to make a left turn near Spanish Lake.
Mr. Abshire and his wife initially sued Mr. Strickland, Hamilton, and the insurer that provided coverage for Hamilton’s truck, United National Insurance Company (United National). Plaintiffs later amended their petition to add as Defendants the owner of the trailer, B & A Cane, and its insurer, Farm Bureau. Plaintiffs filed a motion for partial summary judgment, contending that no genuine issue of material fact existed as to the liability of Mr. Strickland, Hamilton, United National, and Farm Bureau. Farm Bureau filed its own motion for summary judgment, arguing that the liability and umbrella policies that it issued to B & A Cane to cover its trailer did not provide coverage for Mr. Strickland’s operation of Hamilton’s truck.
| ¿The trial court denied the Plaintiffs’ motion and granted Farm Bureau’s, resulting in the dismissal of Farm Bureau from this suit. On appeal, Plaintiffs argue that the trial court erred in not finding that Farm Bureau’s policies provided coverage to Mr. Strickland.
Opinion
Farm Bureau issued a comprehensive automobile Lability policy and an umbrella policy to B & A Cane, with both policies listing the trailer as an insured vehicle. Plaintiffs rely on the omnibus insured clause in each policy to argue that Mr. Strickland was covered because he was using the trailer with the permission of its owner and the named insured, B & A Cane. Farm Bureau relies on several exclusions in both policies. The provisions at issue in the comprehensive automobile policy read as follows:
The unqualified word “Insured” includes the named insured and also includes:
[[Image here]]
(b) any other person while using an owned automobile or a hired automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, ....
(c) any other person or organization but only with respect to liability arising out of acts or omissions of an Insured.
The insurance with respect to any person or organization other than the named insured does not apply:
(a) with respect to a motor vehicle while used with any trailer owned or hired by such person or organization and not covered by like insurance in this Company (except a trailer designed for use with a private passenger automobile and not being used for business purposes with another type motor vehicle) or with respect to a trailer while used with any motor vehicle owned or hired by such person or organization and not covered by like insurance in this Company;
_k- ■ • •
(d) with respect to any hired automobile, to the owner, or a lessee thereof other than the named insured or the owner of a non owned automobile or to any agent or employee of such owner or lessee; ....
(Emphasis added.)
Farm Bureau’s umbrella policy contains the following provisions:
E. DEFINITION OF NAMED INSURED AND INSURED:
[[Image here]]
3. any person while using, with the permission of the NAMED INSURED any automobile or recreational vehicle owned by or hired for use by or on behalf of the NAMED IN *407 SURED and any person or organization legally responsible for the use thereof, provided the actual operation or other actual use is within the scope of such permission; .... The insurance with respect to any person or organization other than the NAMED INSURED does not apply under this paragraph (3):
[[Image here]]
b. to the owner or lessee (of whom the NAMED INSURED is a sub-lessee) or a hired or non-owned automobile or recreational vehicle or any agent or employee of such owner or lessee; ....
(Emphasis added.)
Plaintiffs argue that the Farm Bureau policies cover Mr. Striekland-not as the operator of Hamilton’s truck-but as a permissive user of B & A Cane’s trader in the furtherance of that company’s business. They also argue that the policies are ambiguous because they purport to offer coverage in one clause then deny it in another.
In Martin v. Phillips, 356 So.2d 1016 (La.App. 1 Cir.1977), the court rejected similar arguments in deciding that the insurer of a trailer did not provide coverage for the operator of the hired tractor pulling it, where the operator was an employee of the |4owner of the tractor. The exclusion upheld in that case is the same as that found in paragraph E(3)(b) of Farm Bureau’s umbrella policy. Further, the court in Martin found no ambiguity in the policy when it construed the omnibus clause with the exclusion at issue. The result was that the policy provided coverage to a permissive user of the trailer, but not if that user was the owner or the employee of an owner of a hired automobile.
Plaintiffs also rely on the case of Hanagriffs Machine Shop, Inc. v. Slaw Construction Co., 380 So.2d 146 (La.App. 1 Cir.1979). However, we find that case is not analogous to the present situation. In Hanagrijfs, the court had to decide whether the insurers of the tractor that was pulling a trailer owned by someone other than the named insured were responsible for damages caused when the trailer struck a building. Those policies excluded coverage when the tractor “was used for the towing of any trailer owned or hired by the insured ....” Id. at 147. The court refused to enforce the exclusion because, under the particular facts, there was some doubt as to whether the trailer was “hired by the insured.” The owner of the trailer had hired the tractor to transport sugar cane, but at a lower rate than what it paid to other haulers who furnished their own trailers.
In the present case, Farm Bureau introduced the affidavit of Harvey Bubenzer, III, who is affiliated with B & A Cane and who stated that the Hamilton truck driven by Mr. Strickland “was used under contract” on behalf of B & A Cane. In their brief to this court, Plaintiffs refer to the Hamilton truck as being hired by B & A Cane. Thus, there appears to be no serious dispute that B & A Cane hired Hamilton’s truck. Rather, Plaintiffs argue that the hired automobile exclusion should not apply because the trailer was not a hired vehicle. We are not persuaded by this construction of the | .^policies. As the court explained in Martin, 356 So.2d at 1019, “To hold that coverage exists as to [the driver of the tractor], it is necessary to completely ignore the express exclusion,” i.e., the hired automobile exclusion. Additionally, the Farm Bureau comprehensive policy further excludes coverage for a trailer “while used with any motor vehicle owned or hired by [any person or organization other than the named insured] and not covered by like insurance in this Company.” Thus, although the trailer was an *408 insured vehicle, it was not covered when used with a non-owned vehicle not insured by Farm Bureau.
Applying the Farm Bureau exclusions in the instant case, we find there is no genuine issue of material fact that under the comprehensive liability policy, coverage for Hamilton’s employee is excluded under paragraphs (a) and (d) quoted above and that the result is the same under the umbrella policy through paragraph E(3)(b).
Decree
For the above reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Plaintiffs-Appellants, Joseph and Virginia Abshire.
AFFIRMED.