435 So.2d 477 (1983)
GULF BUILDING SERVICES, INC.
v.
TRAVELERS INDEMNITY COMPANY.
No. CA 0545.
Court of Appeal of Louisiana, Fourth Circuit.
June 3, 1983.
Rehearing Denied August 23, 1983.
Michael Osborne, Osborne, McComiskey & Richardson-Harp, New Orleans, for plaintiffs-appellants.
John C. Combe, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for defendant-appellee.
Before GULOTTA, SCHOTT and BYRNES, JJ.
SCHOTT, Judge.
This is a suit by Gulf Building Services, Inc. against its own insurer, Travelers Indemnity Company, for the policy limits of $50,000 afforded by Travelers as employee dishonesty coverage under a "Comprehensive DDD" policy. From a judgment dismissing Gulf's suit it has appealed. The issue is whether or not there is coverage for Gulf's loss in being liable to its customer for damages resulting from Gulf's employee's setting the customer's building on fire in order to cover a theft of a cash box.
*478 The case is an offshoot of Lou-Con, Inc. v. Gulf Building Services, Inc., 287 So.2d 192 (La.App. 4th Cir.1973). In that case we held that Gulf was liable to its customer Lou-Con to whom it provided janitorial services for damages resulting from a fire set by Gulf's employee to Lou-Con's building. Liability was based on the indemnification and held harmless provisions of the contract between Lou-Con and Gulf.
At the time of the incident Gulf was insured by Travelers under a comprehensive general liability policy as well as the subject Comprehensive DDD policy. Travelers paid Gulf its policy limits under the general liability policy but refused payment under the comprehensive DDD policy, contending that there was no coverage.
The insuring agreements of the policy provides for the following coverage:
"EMPLOYEE DISHONESTY COVERAGEFORM A
1. Loss of Money, Securities and other property which the Insured shall sustain, in an amount not exceeding in the aggregate the amount stated in the Table of Limits of Liability applicable to this Insuring Agreement I, through any fraudulent or dishonest act or acts committed by any of the Employees, acting alone or in collusion with others." (Emphasis added)
Following this language the policy defines what property interests are covered with the following language:
"OWNERSHIP OF PROPERTY, INTERESTS COVERED
Section 5. The insured property may be owned by the Insured, or held by the Insured in any capacity whether or not the Insured is liable for the loss thereof, or may be property as respects which the Insured is legally liable; provided, Insuring Agreements II, III and IV apply only to the interest of the Insured in such property, including the Insured's liability to others, and do not apply to the interest of any other person or organization in any of said property unless included in the Insured's proof of loss, in which event the third paragraph of Section 8 is applicable to them." (Emphasis added)
The policy also contains an interpretive letter as follows:
"In connection with the above captioned bond written in your favor, it is agreed that the Underwriter shall not be liable for any loss sustained by any of your clients or by residents of buildings owned or managed by any of your clients, caused by the fraudulent or dishonest acts of your employees while performing their duties on the premises of such clients or residents." (Emphasis added)
Gulf argues that the interpretive letter results in coverage because the acts of theft and arson committed by Gulf's employee did not occur while he was performing his duties. The janitor, Edmond Harris, had been delegated to perform janitorial services at Lou-Con's building on Monday, Wednesday and Friday evenings. He committed his crimes of theft and arson on a Saturday evening after admitting himself to the premises with the keys provided him by Gulf, but he was not performing his duties as an employee at the time he committed his crimes. Thus, Gulf argues that the interpretive letter which excludes acts of employees while performing their duties has no effect on this crime which took place while Harris was an employee but not performing his duties.
Courts must give legal effect to the provisions of an insurance policy according to the true intent of the parties, which is determined by the wording of the policy when its provisions are clear and unambiguous and do not lead to absurd consequences. LSA-C.C. Art. 1945, Schmieder v. State Farm Fire & Cas. Co., 339 So.2d 390 (La. App. 1st Cir.1976) writs refused 341 So.2d 895 (La.1977). An insurance contract is not to be given a strained, forced, or unreasonable interpretation, but a fair, reasonable and sensible construction compatible with the apparent object and plain intention of the parties as expressed in the words of the agreement. Ory v. Louisiana & Southern Life Ins. Co., 352 So.2d 308 (La.App. 4th Cir.1977).
*479 We are satisfied that it was the intention of these parties to insure Gulf against the loss of its own property as a result of dishonest acts of its employees. The purpose of the interpretive letter was to exclude coverage for losses resulting from dishonest acts of employees in regard to the property of Gulf customers at the customers' premises. The argument of Gulf leads to the tenuous conclusion that the parties willingly excluded loss from dishonest acts of employees committed while they were on duty at customers' premises but intended to cover losses resulting from the dishonest acts of off duty employees committed at customers' premises.
AFFIRMED.