460 So.2d 724 (1984)
James F. PERCY, et ux., Plaintiffs-Appellees,
v.
SAFEGUARD INSURANCE COMPANY, Defendant-Appellant.
No. 83-1129.
Court of Appeal of Louisiana, Third Circuit.
December 12, 1984.
Writ Granted February 8, 1985.
*726 Gold, Little, Simon, Weems & Bruser, Christine Frank, Alexandria, for defendant-appellant.
Fuhrer, Flournoy & Hunter, Leonard Fuhrer, Alexandria, for plaintiffs-appellees.
Before FORET, CUTRER and CULPEPPER,[*] JJ.
CUTRER, Judge.
In this appeal we are being asked to determine the extent of coverage, under a homeowner's policy, for personal property destroyed while located away from the insured premises.
James Percy and his wife brought suit to recover, under a homeowner's insurance policy issued by defendant, Safeguard Insurance Company (Safeguard), for the loss of their personal property. At the time of its destruction, the unscheduled personal property was located away from the insured premises. Both parties filed motions for summary judgment, seeking a determination of the amount of Safeguard's coverage under the policy at issue.[1] The trial court granted plaintiffs' motion for summary judgment and conversely the defendant's was denied. The court ruled that the total amount of coverage provided by the policy was $58,200.00. The defendant appealed. We affirm.
The pertinent policy language, under the heading "Description of Property and Interests Covered," reads:
"COVERAGE CUNSCHEDULED PERSONAL PROPERTY
This policy covers unscheduled personal property usual or incidental to the occupancy of the premises as a dwelling and owned or used by an Insured, while on the described premises and, at the option of the Named Insured, owned by others while on the portion of the premises occupied exclusively by the Insured.
This coverage also includes such unscheduled personal property while elsewhere than on the described premises, anywhere in the world:
1. owned or used by an Insured; or
2. at the option of the Named Insured,
a. owned by a guest while in a residence occupied by an Insured; or
b. owned by a residence employee while actually engaged in the service of an Insured and while such property is in the physical custody of such residence employee or in a residence occupied by an Insured;
3. but the limit of this Company's liability for the unscheduled personal property away from the premises shall be an additional amount of insurance equal to 10% of the amount specified for Coverage C, but in no event less than $1,000." (Emphasis ours.)
The Safeguard policy provides coverage for unscheduled personal property in the amount of $53,000.00 if destroyed on the insureds' premises. This coverage also includes such property away from the insureds' premises. The amount of this coverage for the unscheduled personal property away from the premises shall be an additional amount of insurance equal to 10% of the amount specified for Coverage C, but in no event less than $1,000.00.
Plaintiffs contend that, under this "additional amount of insurance" provision, they are entitled to recover a total of $58,200.00 ($100.00 deductible) representing $53,000.00 for the amount specified under Coverage C, plus 10%, because it was destroyed while away from the insureds' premises. They argue that the clause is ambiguous and must be interpreted against the insurer.
Defendant's contention is that there is liability under the policy for the property loss but it is limited to 10% of the insurance *727 provided for in Coverage C. Since the amount specified in Coverage C is $53,000.00, defendant claims that its liability is $5,300.00. The defendant argues that, when the policy is interpreted as a whole, it is clear that the intent of the insurer was to limit and provide less coverage for property off the premises. Further, defendant argues that the off-premises coverage is, in effect, an extra coverage. The word "additional," it argues, reflects the fact that the coverage provided for property located away from the described premises is over and above that provided by the basic policy.
The general principles governing the interpretation of contracts is well established. In the case of Martin v. Phillips, 356 So.2d 1016 (La.App. 1st Cir.1977), the court stated as follows:
"The rules governing interpretation of written agreements apply to insurance contracts. La.C.C. Article 1901; Jennings v. Louisiana and Southern Life Insurance Company, 280 So.2d 297 (La. App. 1st Cir.1973), and authorities therein cited.
"The terms and provisions of an insurance contract, as in the case of other written agreements, are to be construed in their general and popular meaning. Schmieder v. State Farm Fire & Casualty Company, 339 So.2d 390 (La.App. 1st Cir.1976).
"Any ambiguity in an insurance contract will be construed against the insurer and in favor of the insured. Jennings, above.
"Where the terms of an insurance contract are clear and express, the agreement will be enforced between the parties according to its provisions because the contract is the law between the parties. Schmieder, above.
"An insurance contract must be interpreted as a whole. All terms and provisions of such a policy must be construed together to ascertain the true intent of the parties. La.C.C. Article 1948; Elledge v. Warren, 263 So.2d 912 (La.App. 3rd Cir.1972)."
In the case of Carney v. American Fire & Indem. Co., 371 So.2d 815 (La.1979), our Supreme Court, in dealing with ambiguity in an insurance contract, stated as follows:
"We also refer to the case of Hendricks v. American Employers Insurance Company, 176 So.2d 827 (La.App. 2nd Cir.1965), writs refused, 248 La. 415, 179 So.2d 15, stating:
"The contract before the court in this case is, of course, not an ordinary business contract, but rather it is one of insurance. While it is true that the law of contracts and conventional obligations is applicable to contracts of insurance in general, there are some vital differences. One such difference is that contracts of insurance are unilaterally prepared in the confection of which the insured has no part. It is for this reason that it has become well-settled law in the field of insurance that words and phrases employed in a contract of insurance are to be construed, interpreted and defined in their ordinary and popular sense, rather than in a technical, philosophical or limited sense; that such words and phrases are to be construed liberally in favor of the policyholder and that all ambiguities are likewise to be resolved in favor of the policyholder. See Louisiana Civil Code Articles 1945 et seq., particularly Article 1957 and cases cited.
"Insurers may limit their liability where such limitation is clearly and expressly set forth in the contract of insurance. Such limitations or exclusions, however, must be free of ambiguity and sufficiently understandable to any given insured that it may be said that, in entering into the agreement containing such limitation, he understood and consented to such limitation. If the words or terms used in insurance policies are subject to more than one accepted meaning, then such words must be construed in the sense which is more favorable to the insured, unless such *728 interpretation would lead to absurd results. See Louisiana Civil Code Articles 1957 and 1945(3).' (Emphasis ours.)
As we apply these authorities to the coverage provision in question we find ambiguity in the policy provision in question.
The plaintiffs' interpretation is summarized as follows: The policy first provides $53,000.00 in coverage for loss to personal property destroyed on the premises. Then, the policy provides that there is an "additional amount of insurance" for personal property destroyed off the premises. Thus, the policy limit for personal property destroyed off the premises is $53,000.00 plus the "additional amount of insurance" (10% of $53,000.00) which totals $58,300.00. This interpretation was adopted by the Alabama Supreme Court while examining the exact same provision in another insurance company's policy.[2]Neumann v. State Farm Fire & Cos. Co., 369 So.2d 803 (Ala.1979). As noted by the Supreme Court of Alabama:
"The word `additional' is not a word of limitation. It means something added to, more, or extra. In its common understanding, it does not mean less than, a part of a whole, or a reduction of something greater....."
The Alabama court held that the policy clearly contemplates that this "additional amount of insurance" (10%) is added to the amount provided for property destroyed on the premises to make up the total amount of coverage available for property destroyed off the premises.
Safeguard argues that the trial court in the present case and the Alabama court in Neumann v. State Farm Fire and Cas. Co., supra, incorrectly interprets this provision. In brief, counsel for Safeguard argues that the trial judge failed to realize that the word "additional" modifies the word insurance. Safeguard contends that the word "additional" was used merely to emphasize the fact that, in addition to insuring personal property damage on the premises for $53,000.00, the policy also insures personal property damaged off the insured's premises for 10% of this amount, or $5,300.00. Safeguard argues that this is the intent of the policy language, citing the case of Farmer's Home Mut. Ins. Co. v. Addelia, 122 Ariz. 180, 593 P.2d 930 (Ariz. App.1979). In Farmer's Home Mut. Ins., the Arizona Court of Appeal held that the clause was not ambiguous. It held that the coverage provided an extra amount of insurance for unscheduled personal property not on the described premises and that such coverage was limited to 10% of the Coverage C amount.
In interpreting the meaning of an insurance contract, the courts are bound to ascertain the intent of the parties as expressed in the words of the contract. Upon examining the provision at issue in connection with the other provisions of the policy, we find nothing which makes it more reasonable to accept Safeguard's interpretation of the policy over the plaintiffs' interpretation of the provision. The policy provision is susceptible of two equally reasonable constructions. The conclusion that both interpretations are reasonable is bolstered by the fact that this exact same provision has been examined by two courts of different states, resulting in the Alabama court adopting the plaintiffs' interpretation and the Arizona court adopting Safeguard's interpretation.
We hold that the words in this insurance contract "are subject to more than one accepted meaning" and "must be construed in the sense which is more favorable to the insured." Carney, supra.
For these reasons, the judgment of the trial court is affirmed and the case is remanded for further proceedings in accordance with law and the views expressed herein. Costs of this appeal are to be paid by defendant-appellant.
AFFIRMED AND REMANDED.
NOTES
[*] William A. Culpepper, Judge ad hoc.
[1] The actual amount of plaintiffs' loss is not at issue on appeal. The trial of this issue has been continued pending the outcome of this appeal.
[2] The Alabama court reached this result without even finding policy ambiguity. Thus, the court adopted its interpretation without strictly construing the provision against the insurer.