LABORDE, Judge.
Plaintiffs, Jane and Frederick Haas, filed this proceeding on behalf of their minor son, Timothy Paul Haas,[1] to recover postnatal expenses under a group health insurance policy. Motions for summary judgment on the issue of liability were filed by both sides. After a hearing, the district judge granted plaintiffs’ motion against The Diocese of Lafayette and Mt. Carmel School of Lafayette, Louisiana. The defendants appeal the judgment which we affirm.
Jane Haas began working as a librarian at Mt. Carmel School on August 16, 1982. As a benefit of employment, Mrs. Haas *408 was provided group medical coverage at no charge. Features of this policy were summarized in a booklet, a copy of which, all beneficiaries were supposed to have' received. Mrs. Haas was never issued a booklet, but borrowed a copy from a fellow teacher a month and a half into her employment. The parties have agreed that this controversy will be decided according to the provisions of the booklet, not the policy itself.
Mrs. Haas gave premature birth to her son, Timothy, on February 20, 1983. The baby’s extreme prematurity made it necessary that he remain in intensive care, for about five weeks, in a hospital. The hospital stay generated expenses (unspecified to this point) the reimbursement for which is now sought by plaintiffs under the policy.
In their petition, plaintiffs alleged that defendants arbitrarily and capriciously violated the terms of the policy by denying dependent coverage for Timothy after his parents’ had timely applied for it. Defendants answered that Timothy’s application was not timely submitted, and that the provisions of the policy stipulated that, as a result of the untimely application, Timothy could be denied coverage until submission of satisfactory evidence of his good health.
The trial judge disposed of the liability issue by summary judgment, the pertinent portion of which states:
“THE COURT finds that there is no issue of material fact between plaintiffs and the said defendants, and further finds that the terms and provisions of the defendants’ health insurance program are vague and ambiguous and should therefore be strictly construed against the defendants and in favor of coverage. Accordingly, plaintiffs are entitled to a partial summary judgment as a matter of law[.]”
Our Code of Civil Procedure, article 966B provides in part that a summary judgment “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” The parties on appeal have presented only slightly varying versions of the facts. For the purposes of this review, there is still no genuine issue as to material fact. We therefore need determine only whether the trial judge was correct in ruling that plaintiffs were entitled to judgment as a matter of law.
We begin with a review of the booklet itself. The parties cite and seize upon differing parts of the booklet as critical to our review. The following clauses contain all of the passages cited by the parties, and provide a sufficient basis for review:

“Eligible Dependents

Dependents who are to be eligible for coverage are
1. your wife or husband (unless legally separated),
2. your unmarried children under 19 years of age, and
3. your unmarried children 19 years but under 25 years of age who are registered students in regular full-time attendance at an accredited school and are principally dependent upon you for maintenance and support.
4. stepchild or foster child who resides in the Participant’s household and is dependent upon such Participant for his principal support and maintenance.

How To Enroll Yourself And Your Dependents

You may enroll in this Plan by completing the enrollment forms required by the Diocese.
If you do not have a Dependent at the time you become covered, you may enroll for the Dependent benefits on the date you acquire a Dependent.

No Medical Examination If You Enroll Promptly

No evidence of good health will be required if you enroll within 31 days from the date you are eligible to enroll. If you do not enroll within that time, you will have to furnish satisfactory evidence *409 of good health of you and/or your Dependents in order to become covered. When Your Coverage Begins
You will be covered on the first day of active full-time work. If you are away from work, your coverage will not start until you return to active full-time work. Each of your eligible Dependents will be covered on the date you become covered with respect to your Dependents or the date he/she becomes a Dependent, whichever is later, provided you have enrolled for benefits for your Dependents.
Any Dependent, other than a new-born child, confined at home, or in a hospital, or other institution on the date such coverage is to become effective will not be covered until he/she ceases to be confined.”
The plaintiffs aver that the only language in the booklet describing how and when to enroll for dependent coverage is contained under the heading, “How to Enroll Yourself and Your Dependents." Read along with the language of the subsequent heading, say plaintiffs, the booklet provided for enrollment of Timothy, without proof of good health, any time within thirty-one days of his birth. Plaintiffs clearly did attempt to enroll Timothy within thirty-one days of their having “acquire[d] a Dependent.”
The defendants’ reading of the policy is as follows: the language under the heading “Eligible Dependents” creates several categories of Dependents, the first of which is a spouse. Read with the “Medical Examination” language, say defendants, the “Eligible Dependents” provisions require that the beneficiary enroll any dependent she may have, at the time of becoming employed, within thirty-one days from the date of her own eligibility, that is, within thirty-one days of August 16, 1982. Since Mrs. Haas failed to enroll her husband (her only arguable “dependent” at that date) within thirty-one days of August 16, the policy required proof of good health for any dependent enrolled subsequently, including Timothy.
In our view, still another reasonable interpretation is possible. The “Medical Examination ” clause could be read to mean that no evidence of good health of either the insured or of her dependents would be required so long as the insured enroll herself within thirty-one days of her own eligibility, which was clearly accomplished.
Without commenting on the relative reasonableness of the contractual interpretations submitted by the parties, we hold that the provisions of the booklet, subject as they are to several interpretations, are just as the trial judge concluded — vague and ambiguous.
We are cited to the following language from Carney v. American Fire & Indemnity Company, 371 So.2d 815 (La.1979), in which our Supreme Court quoted with approval our brothers of the second circuit:
“ ‘Insurers may limit their liability where such limitation is clearly and expressly set forth in the contract of insurance. Such limitations or exclusions, however, must be free of ambiguity and sufficiently understandable to any given insured that it may be said that, in entering into the agreement containing such limitation, he understood and consented to such limitation. If the words or terms used in insurance policies are subject to more than one accepted meaning, then such words must be construed in the sense which is more favorable to the insured, unless such interpretation would lead to absurd results.’ ”
See Hendricks v. American Employers Insurance Company, 176 So.2d 827 (La.App. 2nd Cir.), writ refused, 248 La. 415, 179 So.2d 15 (1965); Percy v. Safeguard Insurance Company, 460 So.2d 724 (La.App. 3rd Cir.1984), writ granted, 463 So.2d 596, cause dismissed, 464 So.2d 1366 (La.1985).
Construing the provisions of the insurance booklet in the sense most favorable to plaintiffs, we conclude that plaintiffs are entitled to judgment as a matter of law. The result is not absurd.
For the above and foregoing reasons, the judgment of the trial court is affirmed at appellants’ cost.
AFFIRMED.

. The above numbered and entitled matter was consolidated at the trial level and on appeal with the case of Haas, et al. v. The Diocese of Lafayette, et al., 488 So.2d 410 (La.App. 3d Cir. 1986). We will dispose of all issues presented in both cases in this opinion, but will render a separate decision in Haas, et al., supra.