520 So.2d 1060 (1987)
Leland TUNKS, Individually, and on Behalf of his minor son, Ricky Tunks, Plaintiff-Appellee,
v.
HARTFORD ACCIDENT & INDEMNITY COMPANY, et al., Defendants-Appellants.
No. 86-1208.
Court of Appeal of Louisiana, Third Circuit.
December 9, 1987.
McHale, Bufkin & Dees, Louis D. Bufkin, Lake Charles, for plaintiff-appellee.
Stockwell, Sievert, Viccellio, Clements & Shaddock, Thomas Hennings, Lake Charles, for defendants-appellants.
Jones, Tete, Nolen, Hanchey, Swift & Spears, Charles N. Harper, Lake Charles, for defendant-appellee.
Before DOUCET and KING, JJ., and CULPEPPER, J. Pro Tem.[*]
KING, Judge.
The issue presented by this appeal is whether or not the trial court erred in granting a summary judgment and dismissing a defendant insurer from this suit.
Leland Tunks (hereinafter Tunks) filed suit on behalf of himself, individually, and on behalf of his minor son, Ricky Tunks, against State Farm Mutual Automobile Insurance Company (hereinafter State Farm), his own uninsured/underinsured motorist insurer, and against Hartford Accident and Indemnity Company (hereinafter Hartford), the uninsured/underinsured insurer of the *1061 driver of the truck he was occupying, for damages arising out of an accident occurring on December 1, 1984. Tunks and his minor son were guest passengers in a 1976 Ford pickup truck owned by Larry David (hereinafter Larry) and being operated by Darryl David (hereinafter Darryl) at the time of the accident. Darryl owned a 1982 Chevrolet truck insured by Hartford which had been totally destroyed in a train wreck on October 21, 1984. Darryl borrowed a truck owned by his brother, Larry, "for the weekend" to go deer hunting. The accident occurred when he was taking Tunks and his minor son to the hunt. Hartford filed a Motion For Summary Judgment contending that the pickup owned by Larry and being driven by Darryl at the time of the accident did not constitute a "temporary substitute vehicle" within the contemplation of the Hartford policy issued to Darryl and thus, no coverage was afforded to Tunks and his minor son. The trial court granted summary judgment in favor of Hartford. State Farm appeals that judgment. We reverse and remand.

FACTS
On October 21, 1984, Darryl David's 1982 Chevrolet Pickup Truck was totally destroyed in a collision with a train. At that time, Darryl's pickup truck was insured by Hartford Accident & Indemnity Company who continued to insure Darryl for the remainder of the policy period, rather than cancelling its policy and issuing a premium refund to Darryl. After the loss of his truck Darryl had his uncle transport him when he needed to go anywhere. Darryl did not try to purchase a new vehicle at that time because he was not working and had no money. Approximately five weeks later, Darryl borrowed a 1976 Ford Pickup truck "for the weekend" from his brother, Larry David, to use the following day on a hunting trip. Darryl had never borrowed Larry's truck before the accident. On December 1, 1984, Darryl picked up Leon Tunks and his son, Ricky Tunks, to embark upon the deer hunt. As they travelled to hunt, another vehicle collided head-on with Larry's 1976 Ford Pickup truck, being driven by Darryl, resulting in injuries to Leon and Ricky Tunks. Tunks filed suit for damages incurred by him and his son against State Farm, their own uninsured/underinsured carrier, and Hartford, as the uninsured/underinsured insurer of the pickup truck Darryl was driving and in which they were riding when they were injured.
Darryl purchased a new vehicle in January, 1985, after the accident sued on, and after he received money from the settlement of his truck collision with the train.
Tunks alleged Hartford's policy issued to Darryl provided that since his vehicle primarily insured in the policy was out of use because of its destruction, that Darryl's use of another non-owned vehicle as a temporary substitute vehicle resulted in that vehicle being insured under the terms of the policy. Hartford denied these allegations and, claiming lack of coverage at the time of the accident, filed a motion for summary judgment. The trial court granted the summary judgment in favor of Hartford and dismissed it from the suit. State Farm appeals that judgment. We reverse and remand.

LAW
A Motion for Summary Judgment should only be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966; Whitney v. Mallet, 442 So.2d 1361 (La.App. 3 Cir.1983), writ den., 445 So.2d 437 (La. 1984). Any doubts should be resolved in favor of a trial on the merits. Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La.1976).
Hartford's answer denied coverage based upon the defense that Darryl's borrowed truck did not qualify as a temporary substitute vehicle under Darryl's policy. The deposition of Darryl David, which was filed in the suit record, was made part of Hartford's Motion For Summary Judgment.
Under the uninsured/underinsured provisions of Hartford's policy, Hartford is obligated *1062 to pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured/underinsured motor vehicle because of bodily injury. Hartford's policy defines "covered person" as any person occupying "your covered auto."
Hartford contends that Darryl's use of Larry's pickup truck at the time of the accident was neither temporary nor a substitute for Darryl's primarily insured vehicle.
The applicable section of the Hartford policy issued to Darryl and which forms the basis for its denial of coverage to Darryl reads as follows:
"`Your covered auto' means:
* * * * * *
4. Any auto or trailer you do not own while used as a temporary substitute for any other vehicle described in this definition which is out of normal use because of its:
a. breakdown;
b. repair;
c. servicing;
d. loss; or
e. destruction."
The above quoted policy provision generally provides that borrowed vehicles are insured when the vehicle insured under the policy is out of normal use. In order to qualify for such coverage the substitute vehicle being used must meet four requirements:
(1) The vehicle may not be owned by the insured;
(2) The insured's regular vehicle must be out of use because of: breakdown, repair, servicing loss or destruction;
(3) The vehicle's use must be temporary; and
(4) The vehicle must be used as a substitute.
The first two elements of this requirement were obviously met; Darryl David's pickup truck had been totally destroyed by an accident several weeks earlier and the "substitute" truck was owned by his brother, Larry David. The record before this appellate court does not contain any reasons for the trial court's decision, hence we must assume that the trial court found that one or both of the remaining two elements were not met because it found no coverage and granted Hartford's Motion For Summary Judgment.
In Little v. Safeguard Insurance Company, 137 So.2d 415 (La.App. 3 Cir.1962), a case cited by both parties to this appeal, this court dealt with a similar insurance clause under similar factual circumstances.
In Little, the plaintiff and his passengers were injured when they were struck by another vehicle owned by Mrs. Gene Formby, insured by Safeguard Insurance Company, and driven by Ray Johnson. At the time of the accident, Johnson's regularly used vehicle, insured by Camden Fire Insurance Company, was being repaired and was out of normal use. Johnson borrowed Mrs. Formby's vehicle which was involved in the accident with the plaintiffs. Named as defendants in the suit were Camden Fire Insurance Company and Safeguard Insurance Company. The petition alleged that Camden Fire Insurance Company was liable because its policy provisions extended coverage to Johnson when driving Mrs. Formby's vehicle. The Camden Policy issued to Johnson read in part:
"`Temporary Substitute Automobile under coverages A, B and division 1 of coverage C, an automobile not owned by the named insured or his spouse if a resident of the same household, while temporarily used as a substitute for the described automobile when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction;" Little v. Safeguard Insurance Company, 137 So.2d 415, at page 417 (La.App. 3 Cir.1962).
In affirming the trial court's judgment for the plaintiff against Camden Fire Insurance Company, the appellate court held that the Formby vehicle was a temporary substitute vehicle and, as such, was insured by Camden Fire Insurance Company on the date of the accident. The court reasoned that "temporary" was to be interpreted as distinct from "permanent." Additionally, the court found that "substitute" connotated *1063 the replacement of one thing for another. Finding both of these elements present in Johnson's temporary use of Mrs. Formby's vehicle, the court held that there was coverage by Camden under its policy issued to Johnson.
The language in the Camden Insurance Policy and the Hartford Insurance policy are essentially the same. The facts in the case at hand support a finding of coverage by Hartford on the date of the accident. In Little, Mrs. Formby's Ford Sedan replaced Johnson's Ford Panel Truck and it was held that the vehicle substituted for Johnson's truck. Also, in Little, Johnson borrowed Mrs. Formby's sedan for a few weeks while on a business trip and it was held that the use of the vehicle was temporary. In the case at hand, Larry David lent his truck to his brother, Darryl David, for just one weekend for use on a deer hunt, after Darryl's truck was destroyed.
It is well established in this State that terms and provisions of insurance contracts are to be construed in their general and popular meaning and that any ambiguity in an insurance contract will be construed against the insurer and in favor of the insured. Percy v. Safeguard Ins. Co., 460 So.2d 724 (La.App. 3 Cir.1984), writ granted 463 So.2d 596 (La.1985), dismissed 464 So.2d 1366 (La.1985). An insurance policy's language must be broadly read in favor of coverage and any ambiguities are to be construed against the insurer. Insurance Company of North America v. Solari Parking, Inc., 370 So.2d 503 (La.1979). Any doubt as to the meaning of a provision in an insurance policy must be construed liberally in favor of coverage. Credeur v. Luke, 368 So.2d 1030 (La.1979).
We find that Larry's truck being used by Darryl on the date of the accident was a temporary substitute vehicle for Darryl, as defined in his policy issued by Hartford, and, as such, was insured by Hartford on that date.
For the foregoing reasons, we reverse the trial court's granting of a summary judgment in favor of Hartford dismissing it from this suit and remand the case to the trial court for further proceedings in accordance with this opinion. All costs of this appeal are assessed to defendant-appellee, Hartford.
REVERSED AND REMANDED.
NOTES
[*] Judge William A. Culpepper, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.