535 So.2d 31 (1988)
Deborah Marino, Wife of/and Lucien C. D'ANGELO, Jr., individually and on Behalf of their Minor Children Christina D'Angelo and Lucien C. D'Angelo, III
v.
Jane DOE, Commercial Union Company, et al.
No. 88-CA-0817.
Court of Appeal of Louisiana, Fourth Circuit.
November 29, 1988.
Writ Denied February 17, 1989.
Charles A. Verderame, Giraud, Cusimano & Verderame, New Orleans, for plaintiffs/appellants.
Boggs, Loehn & Rodrigue, Charles A. Boggs, Terry B. Deffes, New Orleans, for defendant/appellee Commercial Union Ins. Co.
Before BYRNES, CIACCIO and WARD, JJ.
BYRNES, Judge.
This is an appeal from a judgment maintaining an exception of no cause of action in favor of defendant Commercial Union Insurance Company and dismissing plaintiffs' personal injury action for injuries sustained by Lucien C. D'Angelo, Jr., when the vehicle he was operating was forced off the road by an unknown vehicle. We affirm.
Plaintiff's petition alleges that on or about March 16, 1987, at approximately 5:30 p.m., Lucien C. D'Angelo, Jr., was operating a 1978 Ford pickup truck, owned by D'Angelo's Plumbing Service, Inc., in a southerly direction on Paris Road. Within approximately eight-tenths of a mile north of Interstate 10, a blue vehicle operated by an unknown female, traveling north on Paris Road, crossed over the center line into D'Angelo's lane of traffic and forced him off the highway. The two vehicles never came into physical contact. D'Angelo's vehicle flipped over several times and he sustained serious injuries. At the time of the accident, Commercial Union Insurance Company provided uninsured/underinsured motorist coverage on the truck D'Angelo was driving.
Commercial Union Insurance Company responded to these allegations by filing an exception of no cause of action. In support of this exception they argued that physical contact between the two vehicles was required for recovery pursuant to the uninsured motorist provisions of the policy. They relied on the language of the policy which defines an "uninsured motor vehicle", *32 in pertinent part, as a land motor vehicle or trailer "[w]hich is a hit-and-run vehicle and neither the driver nor owner can be identified. The vehicle must hit an insured, a covered auto or a vehicle an insured is occupying." From a judgment maintaining this exception and dismissing plaintiffs action, plaintiffs' appeal.
On appeal plaintiffs argue that the "physical contact" provision of the uninsured motorist coverage provision is contrary to public policy because its attempts to circumvent the language of Ordinance 38-137 of the City of New Orleans and LSA-R.S. 32:58. Further, they argue that where no fraud or collusion exists, the concept of constructive contact should be recognized in lieu of physical contact.
We find no merit to these arguments. We cannot agree that the "physical contact" exclusion violates the public policy expressed in Ordinance 38-137[1] of the City of New Orleans and LSA-R.S. 32:58.[2] This legislation requires reasonable operation of a vehicle. Neither requires a driver to take the action taken by D'Angelo to avoid collision, as asserted by plaintiffs. Additionally, there is no legislative mandate that a motorist purchase uninsured motorist coverage. LSA-R.S. 22:1406(D)(1)(a). Where the legislature allows an insured to lower the limits of his uninsured coverage or reject it totally, we cannot conclude that restrictions contractually placed on that coverage are against public policy. See Carter v. Leonard, 413 So.2d 244 (La.App. 4th Cir. 1982).
An insurance policy is a contract and the rules governing the interpretation of written agreements apply to insurance contracts. Hemel v. State Farm Mut. Auto Ins. Co., 211 La. 95, 29 So.2d 483 (1947); Percy v. Safeguard Ins. Co., 460 So.2d 724 (La.App. 3rd. Cir.1984). Thus, an insurance contract is the law between the parties and every stipulation therein must be construed as written. Harmon v. Lumbermens Mutual Casualty Co., 247 La. 263, 170 So.2d 646 (1965). Insurers may limit their liability where such limitation is clearly and expressly set forth in the contract and is not violative of public policy. Percy v. Safeguard Ins. Co., 460 So.2d 724 (La. App. 3rd. Cir.1984); Bowab v. St. Paul Fire and Marine Insurance Co., 152 So.2d 66 (La.App. 3d Cir.1963), writ, denied, 153 So.2d 881 (1963). Courts must give legal effect to the provisions of an insurance policy according to the true intent of the parties, which is determined by the wording of the policy when its provisions are clear and unambiguous and do not lead to absurd consequences. LSA-C.C. Art. 2046; Gulf Bldg. Services Inc. v. Travelers Indem. Co., 435 So.2d 477 (La.App. 4th Cir. 1983).
Plaintiffs argue that interpreting the language to exclude coverage under the hit-and-run provision of the contract leads to absurd consequences. It is alleged that this interpretation requires a driver to allow himself to be involved in a collision in order to recover under his uninsured motorist coverage. We find that the clear terms of the contract dictate that coverage exists under limited conditions. One such condition is that physical contact occur in a hit-and-run accident. This does not lead to absurd consequences, but rather reflects the bargain made by the parties who are bound by the language of the contract.
Plaintiffs further argue that a theory of constructive contact should apply where no fraud or collusion exist. The words of the contract are clear and explicit. In the absence of physical contact there is no coverage under the uninsured motorist *33 provisions of the policy. There are no provisions for constructive contact. We find the parties are bound by the terms of the agreement as the words are clear and lead to no absurd consequences. LSA-C.C. Art. 2046.
We, therefore, find that, as a matter of law, the insurance contract precludes coverage when there has been no physical contact between the insured vehicle and the "hit-and-run" vehicle. For the foregoing reasons, the judgment of the trial court is affirmed. Costs are assessed against appellants.
AFFIRMED.
NOTES
[1] Ordinance 38-137 of the City of New Orleans required the following:

Drivers of vehicles to use reasonable vigilance.
The operator of any vehicle in this city shall maintain a reasonable vigilance at all times while driving, sufficient to avoid collision with another vehicle, pedestrian, or other private or public property.
[2] The Louisiana Statute, R.S. 32:58, requires the following:

Reasonable and proper control of vehicles It shall be unlawful for the driver of any vehicle to negligently fail to maintain reasonable and proper control of said vehicle while operating the vehicle on the public roads of this state.