620 So.2d 405 (1993)
Roy George EUDY, Sr. and Terry Peterson Eudy
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
No. 92 CA 0368.
Court of Appeal of Louisiana, First Circuit.
May 28, 1993.
*406 Paul H. Due, Baton Rouge, for plaintiffsappellants Roy G. Eudy, Sr. and Terry P. Eudy.
John W. Perry, Jr., Baton Rouge, for defendant-appellee State Farm Mut. Auto. Ins. Co.
Before CARTER, LeBLANC and PITCHER, JJ.
LeBLANC, Judge.
This appeal is from a trial court judgment granting a motion for summary judgment by defendant, State Farm Mutual Automobile Insurance Company (State Farm),[1] dismissing the suit filed by the Eudys, plaintiffs-appellants.

FACTS AND PROCEDURAL HISTORY
By joint stipulation, the following facts were provided: On or about Sunday, April 23, 1989, at about 2:45 a.m., Roy G. Eudy, Jr., was driving a 1989 Ford Bronco II owned by Donald J. Jarreau, Jr. Mr. Jarreau was a guest passenger in the vehicle. An unidentified motorist cut directly in front of the path of the Bronco. Mr. Eudy lost control and the Bronco eventually flipped over. Mr. Eudy's injuries were fatal.
There was no physical contact between the unidentified vehicle and the Bronco. The eye witness testimony of Mr. Jarreau constitutes independent corroborative evidence of how the accident occurred and that the unidentified motorist did indeed contribute to the accident.
State Farm provided insurance coverage for the Jarreau Bronco and also had in effect applicable policies in favor of the Eudys. The policies were attached to the joint stipulation.
The terms of the policies contain the following language:
SECTION IIIUNINSURED MOTOR VEHICLECOVERAGE U AND UNINSURED MOTOR VEHICLE PROPERTY DAMAGECOVERAGE U1
We will pay damages for bodily injury an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle. The bodily injury must be caused by accident arising out of the operation, maintenance or use of an uninsured motor vehicle.

Uninsured Motor Vehicle under coverage Umeans:
* * * * * *
2. a "hit-and-run" land motor vehicle whose owner or driver remains unknown and which strikes:
a. the insured or
b. the vehicle the insured is occupying and causes bodily injury to the insured.

[Emphasis in original.]
Thus, under the clear provisions of the policies, State Farm provided uninsured motorist coverage only if there was physical contact.
Roy, Sr., and Terry Eudy, the parents of Roy, Jr., filed this suit for damages against State Farm, asserting coverage under the uninsured motorist provisions of the policies in effect. State Farm filed a motion for summary judgment. The trial court granted summary judgment on the grounds that there was no physical contact between the insured's vehicle and the unknown motorist and dismissed the Eudys' *407 claim against State Farm. The Eudys appealed.
Plaintiffs assign as error the trial court's granting of defendant's motion for summary judgment. The Eudys argue the physical contact requirement: 1) violates public policy as it existed on the date of the accident; and 2) was invalidated by the 1991 amendment to the UM statute.[2]

PUBLIC POLICY
The Eudys argue the physical contact requirement violates the public policy behind the UM statute as it existed at the time of this accident.
It is well settled that such physical contact requirements are valid, enforceable, and not against public policy. Thibodeaux v. Doe, 602 So.2d 1076, 1079 (La.App. 1st Cir.), writ denied, 605 So.2d 1377 (1992); Kellams v. Oliver, 595 So.2d 331, 332 (La. App. 3rd Cir.), writ denied, 596 So.2d 556 (La.1992); Chapman v. State Dept. of Transp. & Dev., 517 So.2d 331, 332 (La. App. 1st Cir.1987), writ denied, 518 So.2d 511 (1988); St. Amant v. Aetna Cas. and Sur. Co., 499 So.2d 322, 324-25 (La.App. 1st Cir.1986); Collins v. New Orleans Public Service, Inc., 234 So.2d 270 (La.App. 4th Cir.), writ refused, 256 La. 375, 236 So.2d 503 (1970).
As stated in Thibodeaux, 602 So.2d at 1079: The physical contact requirement has two bases: (1) it prevents, as much as possible, false or fraudulent claims; and (2) it allows recovery under circumstances in which the insured otherwise could not carry the burden of proof. The second basis is explained by McKenzie and Johnson in their insurance treatise:
The insured bears the burden of proof to establish every fact essential to a cause of action under the policy coverage. One essential element is proof that the negligent motorist was uninsured. When the owner and driver of the adverse vehicle cannot be identified, the insured is unable to prove lack of insurance. Therefore, the inclusion of coverage for a hit and run vehicle allows recovery under circumstances in which the insured otherwise could not carry the burden of proof, and the insurer may impose the physical contact requirement on this voluntary extension of coverage.
15 Shelby McKenzie and Alston Johnson, Louisiana Civil Law Treatise § 111, at pp. 234-235 (1986).
On the date of the accident in the instant case, the physical contact requirement was a valid condition on the extension of coverage. This assignment is without merit.

APPLICATION OF AMENDMENTS
After the date of the accident in the instant case, the legislature twice amended the statutory provisions concerning uninsured motorist coverage. Plaintiffs argue as their next assignment of error that these amendments should be applied retroactively, negating the physical contact requirement in effect at the time of the accident.
The 1990 amendment added the following provision to the UM statute:
§ 1406 D(1)(d)
... The coverage provided under this Subsection shall not provide protection for any of the following:
(i) Damage where there is no actual physical contact between the covered motor vehicle and an uninsured motor vehicle, unless the injured party can show, by an independent and disinterested witness, that the injury was the result of the actions of the driver of another vehicle whose identity is unknown or who is uninsured or underinsured.
Acts 1990, No. 677.
The language of this amendment allowed an insured, even in the absence of physical contact, to recover from his UM insurer for damages sustained as a result of the negligence of an unidentified driver.
*408 In 1991 the legislature further amended the UM statute, adding the following provision:
§ 1406 D(1)(f)
Uninsured motorist coverage shall include coverage for bodily injury arising out of a motor vehicle accident caused by an automobile which has no physical contact with the injured party or with a vehicle which the injured party is occupying at the time of the accident, provided that the injured party bears the burden of proving, by an independent and disinterested witness, that the injury was the result of the actions of the driver of another vehicle whose identity is unknown or who is uninsured or underinsured.
Acts 1991, No. 806.
Therefore, after the 1991 amendment, any new UM insurance issued must include coverage for some "miss-and-run" accidents, although the injured party bears the burden of proving that this occurred. Plaintiffs argue these changes are interpretive and procedural, and should be applied retroactively.
In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretative laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary. La.C.C. art. 6. Substantive law is "[t]hat which creates duties, rights and obligations, while `procedural or remedial law' prescribes methods of enforcement of rights or obtaining redress." Black's Law Dictionary 1281 (5th ed. 1979).
The Supreme Court explained in Gulf Oil Corporation v. State Mineral Board, (on rehearing), 317 So.2d 576, 591 (La.1975), "[I]nterpretive legislation does not create new rules, but merely establishes the meaning that the interpreted statute had from the time of its enactment. It is the original statute, not the interpretive one, that establishes rights and duties." Therefore, the plaintiffs argue, the amendments do no more than establish the original meaning of UM coverage required by statute and explain what the pre-amendment UM statute meant. We do not find this to be so.
The 1990 and 1991 amendments, respectively, provide and later mandate additional coverage in some "miss-and-run" accidents. They add to the obligations required of the insurer and establish new rights and duties. The amendments are substantive and may be applied prospectively only. We have so held in Thibodeaux, 602 So.2d at 1079, and Pinkney v. Progressive Specialty Ins., 597 So.2d 1168, 1172 (La.App. 1st Cir.1992).

CONCLUSION
We find the applicable insurance policies required physical contact between the uninsured vehicle and the insured, or the vehicle the insured was occupying. The physical contact requirement was valid. Subsequent amendments to the UM statute are substantive, apply prospectively only, and are not applicable to the accident in the instant case. Accordingly, State Farm was entitled to summary judgment as a matter of law. The judgment of the trial court is affirmed. Costs are to be paid by plaintiffs.
AFFIRMED.
NOTES
[1] Plaintiffs' first amended petition added Ford Motor Company as an additional defendant. Ford was later dismissed by court order at plaintiffs' request.
[2] The plaintiffs make reference in their argument to both 1990 and 1991 amendments to La.R.S. 22:1406, however, they only assign as error, the failure of the trial court to apply the 1991 amendment retroactively. We have included both amendments in our discussion.