653 So.2d 45 (1995)
Lindsey J. FRANCIS, Plaintiff-Appellant
v.
UNITED STATES FIDELITY & GUARANTY COMPANY, Defendant-Appellee.
No. 94-721.
Court of Appeal of Louisiana, Third Circuit.
March 8, 1995.
Rehearing Denied May 15, 1995.
J.B. Jones Jr., Cameron, for Lindsey J. Francis.
Michael Keith Prudhomme, Lake Charles, for U.S. Fidelity & Guar. Co.
Kathleen Kay, Lake Charles, for Intern. Ins. Co.
Benjamin Wakefield Mount, Lake Charles, for Ins. Co. of North America.
Before KNOLL, SAUNDERS and AMY, JJ.
*46 KNOLL, Judge.
This appeal involves the dismissal on a motion for summary judgment of Lindsey Francis' claim against United States Fidelity & Guaranty Company (USF & G) for uninsured motorist benefits in a "miss and run" accident which occurred on March 14, 1991. This case arose prior to the legislature's enactment of LSA-R.S. 22:1406(D)(1)(f) that mandated uninsured motorist coverage for injuries arising out of accidents in which there was no physical contact between vehicles. The trial court found no genuine issues of material fact and determined that the jurisprudence uniformly upheld exclusions for "miss and run" accidents in uninsured motorist's policies. Accordingly, it dismissed Francis' claim, as well as that of Insurance Company of North America (INA), the worker's compensation intervenor.
Francis and INA contend on appeal that the trial court erred: (1) in failing to find that a "miss and run" exclusion to uninsured motorist coverage is a violation of public policy; and (2) in not concluding that uninsured motorist coverage existed in the present case to include "miss and run" accidents by operation of law. We reverse and remand.

FACTS
Francis, a delivery man for Mary Williams & Company, was injured on March 14, 1991, while he was operating a company van. Francis locked the brakes on the van when an unidentified vehicle pulled out in front of him. It was undisputed that there was no contact between the vehicles. However, as a result of the sudden stop, Francis' body was forcefully thrown forward and he sustained a ruptured disc.
INA paid Francis' medical expenses and worker's compensation benefits. Francis then filed suit against USF & G, the uninsured motorist carrier for Mary Williams & Company, claiming entitlement to uninsured motorist coverage. INA intervened, seeking reimbursement for the worker's compensation benefits it paid Francis.
After taking Francis' deposition, USF & G moved for summary judgment. The trial court granted USF & G's motion for summary judgment and dismissed the claims of Francis and INA, finding that the facts were not in dispute and that USF & G's policy specifically excluded "miss and run" accidents from uninsured motorist coverage.

SUMMARY JUDGMENT
Francis and INA first contend[1] that the trial court erred as a matter of law in granting USF & G's motion for summary judgment. They argue that USF & G's "miss and run" exclusion violates Louisiana public policy.
USF & G issued a business automobile policy to Mary Williams & Company which insured the vehicle that Francis was driving at the time he was injured. The uninsured motorist insurance provision states:
We will pay all sums the "insured" is legally entitled to recover as damages from the owner or driver of an "uninsured motor vehicle." The damages must result from "bodily injury" sustained by the "insured" caused by an "accident." The owner's or driver's liability for these damages must result from ownership, maintenance or use of the "uninsured motor vehicle."
The term "uninsured motor vehicle" is defined in the policy as follows:
"Uninsured motor vehicle" means a land motor vehicle or trailer:
* * * * * *
d. Which is a hit-and-run vehicle and neither the driver nor owner can be identified. The vehicle must hit an "insured," a covered "auto" or a vehicle an "insured" is "occupying."
After carefully reviewing the insurance policy, it is clear to us that USF & G provided uninsured motorist coverage only if there was physical contact between Francis' work *47 van, the insured vehicle, and the unidentified other vehicle.
An insurance policy is a contract and the rules that govern the interpretation of written agreements apply to insurance contracts. Percy v. Safeguard Ins. Co., 460 So.2d 724 (La.App. 3rd Cir.1984). An insurance contract constitutes the law between the parties and every provision therein must be construed as written. Thibodeaux v. Doe, 602 So.2d 1076 (La.App. 1st Cir.), writ denied, 605 So.2d 1377 (La.1992). It is well established that insurers may limit their liability where such limitation is clearly and expressly set forth in the contract and the limitation does not violate public policy. Bowab v. St. Paul Fire & Marine Ins. Co., 152 So.2d 66 (La.App. 3rd Cir.), writ denied, 244 La. 664, 153 So.2d 881 (1963).
As illustrated in Eudy v. State Farm Mutual Automobile Insurance Co., 620 So.2d 405 (La.App. 1st Cir.), writ denied, 625 So.2d 1041 (La.1993), and cases collected therein, the First and Fourth Circuits have issued opinions that hold that the physical contact requirements contracted in uninsured motorist policies prior to the amendment of LSA-R.S. 22:1406(D)(1)(f) are valid, enforceable, and not against public policy. Well illustrated in Eudy is the fact that the Louisiana Supreme Court has not addressed this issue. Instead, the case history of those decisions, in which writ applications were filed, shows that the Supreme Court has only chosen to deny writ applications. It is well embedded in Louisiana jurisprudence that writ denials by the Supreme Court have no precedential value. St. Tammany Manor, Inc. v. Spartan Bldg. Corp., 509 So.2d 424 (La.1987).
In Kellams v. Oliver, 595 So.2d 331 (La.App. 3rd Cir.), writ denied, 596 So.2d 556 (La.1992), two judges of the Third Circuit affirmed a trial court decision that found the physical contact requirement in an uninsured motorist insurance contract was not against public policy. This author dissented and pointed out that the applicable U.M. statute did not exclude miss and run accidents from the ambit of its intended purpose, namely, the promotion of full recovery for damages by innocent accident victims. Referring next to the legislature's amendment of LSA-R.S. 22:1406(D)(1)(d) and (D)(1)(d)(i), the dissent stated:
The Legislature's inclusion of a cause of action to recover property damage in the "miss and run" accident is stronger evidence that the public policy considerations of the U.M. statute were intended to include full recovery for bodily injury to innocent victims, such as the decedent in the case sub judice. To provide full recovery for property damage in "miss and run" accidents and not bodily injury would be inconsistent with Louisiana's public policy considerations of the U.M. statute.
In addition to the legislative considerations mentioned in the Kellams' dissent, we note that in 1991 the Legislature further amended the U.M. statute, adding the following provision:
§ 1406(D)(1)(f)
Uninsured motorist coverage shall include coverage for bodily injury arising out of a motor vehicle accident caused by an automobile which has no physical contact with the injured party or with a vehicle which the injured party is occupying at the time of the accident, provided that the injured party bears the burden of proving, by an independent and disinterested witness, that the injury was the result of the actions of the driver of another vehicle whose identity is unknown or who is uninsured or underinsured.
Acts 1991, No. 806.
Thus, we find that the Legislature has clearly shown by the inclusion of this latest provision that the public policy of this state is that the inclusion of a prerequisite of contractual physical contact does violence to the promotion of full recovery for damages by innocent accident victims intended in the enactment of this state's uninsured motorist legislation.[2]
*48 As we revisit this circuit's prior decision in Kellams, we find that the Legislature's inclusion of bodily injury coverage in miss and run accidents in Acts 1991, No. 806, further convinces us that the majority erred in following the holdings of the other circuits of this state that the contractual prerequisite of physical contact was not in violation of Louisiana public policy. Accordingly, we adopt the dissent in Kellams and decline to follow the other circuit's resolution of this issue. Rather, we hold that the "miss and run" exclusion in the USF & G uninsured motorist policy herein violates Louisiana public policy and is unenforceable. Therefore, in accordance with this determination, we reverse the trial court's dismissal of the claims of Francis and INA and remand this case to the trial court for trial on the merits.
Costs of this appeal are assessed to USF & G. Costs of the trial court shall await the final disposition of this matter after a trial on the merits.
REVERSED AND REMANDED.
AMY, J., concurs with written reasons.
AMY, J., concurring.
I respectfully concur with the decision of the majority to reverse the summary judgment of the trial court and remand the case for further proceedings. However, in my opinion the uninsured motorist coverage applicable in this case arises not under the policy, but by operation of law. This Court has recently held that a separate rejection of uninsured motorist coverage is required when an insurer adds an additional vehicle to an existing policy. Thibodeaux v. Champion Ins. Co., 614 So.2d 232 (La.App. 3d Cir.1993). The addition of another vehicle to an existing policy amounts to an increase in the policy's coverage and has the effect of creating a new policy, requiring that the insured sign another selection form, electing to reject uninsured motorist coverage, accept it at policy limits, or accept it at lower limits. Id. at 233.
The vehicle which was involved in this accident was added by an endorsement after the original policy was issued. In the case before us, there was no selection of lower limits or rejection of uninsured motorist coverage executed as to the vehicle involved in the accident. The addition of the vehicle had the effect of creating a new policy, and the required written selection was not obtained. Since there was no rejection of uninsured motorist coverage, such coverage attached by operation of law. Desormeaux v. Lalonde, 578 So.2d 226 (La.App. 3d Cir.), writs denied, 581 So.2d 705 & 706 (La.1991). Uninsured motorist coverage was then mandated and its terms were set by statute. Accordingly, the trial court's granting of summary judgment was incorrect.
NOTES
[1] Francis also argues that the coverage for uninsured motorist claims under the USF & G policy is one million dollars rather than ten thousand dollars. However, because this issue was not raised in the trial court and because we need not reach it in this appeal, we will not address this additional issue.
[2] In making this determination, we do not apply this amendment retrospectively. Instead, we see that the amendments to LSA-R.S. 22:1406(D)(1)(d) and (D)(1)(d)(i) define the public policy of this state and promote the objectives of the uninsured motorist statute.